### 213.   McARTHOR *et al.* v. McGILVRAY *et al.*

1. A contractor's bond was executed with express reference to the contract, plans, and specifications. *Held,* that all three instruments must be construed together, and the obligations of the bond must be determined in connection with the terms and conditions of the contract, plans, and specifications.
2. The allegations of the petition as amended constitute a cause of action, and it was error to sustain a general demurrer thereto.

Action on bond, from city of Atlanta—Judge Reid. January 17, 1907.

Argued March 25,—Decided April 25, 1907.

*Westmoreland Brothers, J. N. Bateman,* for plaintiffs.

*Mayson & Hill, James L. Key,* for defendants.

HILL, C. J. Plaintiff in error sued the defendants as principal and surety on a contractor's bond. The bond recites that the principal has entered into a contract with the plaintiff in error for the construction of an addition, basement, and other changes on their two-story brick store building at No. 58 South Broad Street, Atlanta. The bond also recites that said addition and changes to the building are to be made according to the plans and specifications prepared by George W. Lane, architect, and turned over to J. N. Bateman, agent for plaintiffs in error, by the time set forth in the contract, "free from all liens or claims against them or the premises upon which located, and against the said Bateman, agent, for work done or material furnished in connection therewith. Should the said A. McGilvray well and truly comply with the terms of his contract for the erection of said store building and turning over the same to the said J. N. Bateman, agent, free from liens or claims, then this obligation is to be void; but should he fail to comply with said contract in any respect, then . . the said principal and the said . . security shall make good and pay the said J. N. Bateman, agent, any damage or loss which he may sustain on account thereof."

The declaration recites, that in executing the work provided for in the contract and specifications, it was done by the contractor so negligently and carelessly as to cause the building to collapse, and inflict damage to the goods of the tenant, who, by the agreement of all parties to the contract, was to remain in the storehouse during the time the contractor was occupied in making the changes; that the tenant brought suit against plaintiffs in the city court of Atlanta to recover damages alleged to have been sustained on account of the collapse of said building; that plaintiffs gave notice to the contractor and his surety of the filing of said suit for damages, based on their negligence in executing the work on the premises, that they would be expected to defend the same, and would be held liable for any damage that might be recovered in said suit, and that the suit was tried in the city court of Atlanta and a ver-

dict and judgment rendered against the plaintiffs for the sum of $454 damages, and that the plaintiffs afterward paid said judgment and the costs of the suit, including stenographer's and attorney's fees; for all of which the plaintiffs bring their suit against the principal contractor and the surety on his bond. Pending the hearing on demurrers, the plaintiffs filed an amendment, which was allowed by the court, in which amendment certain extracts from the contract and plans and specifications, which were expressly made a part of the contract, were set forth,—among other things, that the plaintiffs, the owners of said building, "shall not in any way be responsible for damage or loss that may happen to said work or any part thereof, . . or for injury to any person, either workman or the public, or for any damage to adjoining property. Against all such damage, injury or loss to persons or property the general contractor must guard against, and make good all such damage to persons or property, from whatsoever cause. . . The contractor is to do all the work in such a manner that the tenant can continue to do business" in the building, and any expense the tenant may go to in order to protect his property therein the contractor shall be responsible for; "and he shall exercise proper care to do no injury to the stock or any other thing the tenant may have in the building." The amendment further specifically sets forth the acts of negligence in the execution of the work by the contractor that caused the collapse of the building, and the consequent injury and damage to the stock of the tenant, and the injury and damage which resulted therefrom to the plaintiffs; and alleges that the said contractor did not exercise proper care to do no injury to the stock or property of the tenant in said building, but that on account of his neglect, and unskillful manner in supporting the floor, the property of the tenant was injured and damaged. And further alleges that the attention of the contractor was specifically called by the architect to the defective manner in which he was doing his work, and he was warned by the architect of the probable danger which might result therefrom. To this suit both defendants, principal and surety, filed general and special demurrers; and the trial court sustained the general demurrers on the ground that "the cause of action set forth in the petition is not included within the terms of the bond sued upon." This judgment we are asked to review.

The bond was executed with reference to the contract, plans, and specifications, and the contract expressly refers to the plans and specifications prepared by a named architect, and makes them a part of the contract. The obligations of the bond, therefore, must be construed according to the terms and conditions of the contract, plans, and specifications, and all three of these instruments must be treated as one. Now, as to the tenant who was in the building at the time that the work commenced, and who it was agreed was to remain in the building during the work, it was expressly stipulated that the contractor was to do all his work in such a manner that the tenant could continue to do business in the building; and the duty was imposed on him by the contract to exercise proper care to do no injury to the stock or any other thing the tenant might have in the building; and it was expressly provided that "against all such damage, injury or loss to persons or property the general contractor must guard against and make good all such damage to persons or property, from whatsoever cause." And "should he fail to comply with said contract in any respect, then he, the said contractor as principal, and" his said surety "shall make good and pay the said . . Bateman, agent [for the owners of the property], any damage or loss which he may sustain on account thereof." The duties and obligations imposed upon the obligors are thus clearly stated, and any culpable violation thereof by them, resulting in damage to the obligees, would give a right of action on the bond. The plaintiffs having alleged specifically in their declaration a breach by the contractor of these terms of his bond, from which injury and damage resulted to them, we think that the declaration as amended did set forth a cause of action, and that the general demurrer to the petition as amended should not have been sustained.          *Judgment reversed.*