### 14586. AMERICAN SURETY COMPANY OF NEW YORK *v.* DeWALD, for use, etc.

An action in the name of the obligee in the contractor's bond, suing thereon for the use of the materialman, was maintainable, under the allegations of the petition; and the court properly overruled the general and the special demurrers.

DECIDED JULY 10, 1923.

Action on bond; from city court of Savannah — Judge Freeman. April 16, 1923.

The grounds of demurrer were: No cause of action is set forth. It appears that the plaintiff is not entitled to maintain the action. It appears that there is no liability to the plaintiff. By whom the premium was paid is not alleged. It is not alleged that the owner paid the claim for which suit is instituted, or is liable for the same. It is not alleged that demand for payment was made upon the contractor and that he has not paid the claim. It is not alleged that the claim has not been proved in the bankruptcy case of the contractor. It is not alleged that the claim will not be paid from the estate of the bankrupt contractor. It is not alleged that the owner has not a sufficient balance due the contractor to pay the claim. It is not shown by what right the owner sues for the use of the materialman.

*Stephens, Barrow & Heyward,* for plaintiff in error.

*H. W. Johnson, Jacob Gazan,* contra.

BROYLES, C. J. This is a suit by Mrs. N. J. DeWald, for the use of Barfield-Chapman Company, against the American Surety Company of New York, on a contractor's bond. Her petition shows, in substance, the following material facts: Mrs. DeWald entered into a contract with William P. R. Monroe, a contractor, for the construction of a bungalow and out-buildings. A contractor's bond was furnished by the American Surety Company of New York. This bond, which was executed by Monroe as principal and the American Surety Company as surety, named Mrs. DeWald as the obligee, and contained the following condition: "Now, therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damage which she may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense and damages including all reasonable attorney's fees incurred in enforcing her rights hereunder and which the owner may incur in making good any such default, and shall pay all persons who have contracts directly with the principal for labor or materials, or who may furnish labor or materials for the erection thereof, then this obligation shall be null and void; otherwise it shall remain in full force and effect." Barfield-Chapman Company, under a contract with Monroe, the contractor,

furnished certain plumbing material and did certain plumbing work on the house, to the amount of $761.50, for which it has not been paid. These materialmen recorded their lien upon the property of Mrs. DeWald. Subsequently to the furnishing of material and labor by Barfield-Chapman Company and the recording of its lien, but prior to the completion of the house, Monroe, the contractor and principal in the bond, was adjudicated a bankrupt. The American Surety Company filed both general and special demurrers to the petition, all of which were overruled by the court, and it is to this judgment that exception is taken.

The main question raised by the demurrers, and the only one which we deem it necessary to discuss, is whether or not this suit can be maintained in the name of Mrs. DeWald for the use of the materialmen? We think it can. In some States an action upon a contract may be brought directly by the beneficiary in his own name, in order to avoid circuity of action. See 27 Cyc. 314, and cases cited in footnote. But the rule is different in Georgia. Our statute upon this subject is as follows: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." Civil Code (1910), § 5516. And in the case of *North British & Mercantile Ins. Co.* v. *Speer,* 7 *Ga. App.* 330 (66 S. E. 815), it was held: "When A makes a contract with B for the benefit of C, or when C is equitably or justly entitled to claim the benefit of a contract made by A with B, C's right is to sue in the name of A, as nominal plaintiff suing for the use of C. In such cases C has the right to use A's name, even without the latter's consent. *Fain* v. *Garthright,* 5 *Ga.* 6; *Calhoun* v. *Tullass,* 35 *Ga.* 119 (2), 124; *Kennedy* v. *Gelders,* [7 *Ga. App.*] 241. . . Many States allow such actions to be brought directly; Georgia does not. *Empire State Insurance Co.* v. *Collins,* 54 *Ga.* 376." See also *Hawkins* v. *Central Railway Co.,* 119 *Ga.* 159 (6) (46 S. E. 82). The only obligee named in the bond in the present case is Mrs. DeWald; and the Barfield-Chapman Company, for whose use the suit is brought, although not named in the bond, is clearly a beneficiary thereunder. This action, therefore, is proceeding in

strict conformity to the Georgia law, and the petition was not subject to any of the demurrers interposed.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*