15565.   ÆTNA CASUALTY AND SURETY COMPANY *v.* LEATHERS *et al.*

STEPHENS, J.  1.  Where an indemnity bond in favor of a public body (as
the City Council of Statesboro) as obligee, conditioned upon the faithful
performance of "all work for which contract calls," by one who has con-
tracted with the obligee to do public work (as the building of a school-
house), does not by its terms purport to be for the use of any person
"doing work or furnishing skill· . . or materials under or for the
purpose of such contract," and nowhere purpórts to be the statutory
bond required of a contractor doing public work, as prescribed by the act
approved August 19, 1916 (Ga. L. 1916, p. 94; Park's Code Supp. 1922,
§ 389-c), it is not the statutory bond required of such contractors for
the benefit of "persons doing work or furnishing skill . . or materials
under or for the purpose of such contract," named in the act.  *American
Surety Co.* v. *Small Quarries Co.*, 157 *Ga.* 33 (120 S. E. 617); *United
Supply Co.* v. *U. S. Fidelity &c. Co.*, 32 *Ga. App.* 472 (123 S. E. 907).
2.  A person who furnishes labor and material for the purpose of such a
contract can not recover against the surety on the bond.  It was there-
fore error to overrule the defendant's demurrers.

*Judgment reversed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 12, 1925.

Action on bond; from Clarke superior court—Judge Fortson.
April 12, 1924.

*Bryan & Middlebrooks, John A. Dunaway,* for plaintiff in error.