SOUTHERN SURETY CO. *v.* DAWES *et al.* (Five Cases.)

1. A bond of a contractor contracting with the City of Thomasville for the construction of certain public improvements, which makes special reference to the contract and is made payable to "City of Thomasville or its special attorney," and creating an obligation to "the City of Thomasville, . . . and all persons doing work or furnishing skilled labor, tools, machinery, or materials under or for the contract," and in which the conditions are as prescribed in section 1 of the act of of 1916 (Acts 1916, p. 94), is a sufficient statutory bond under the requirements of that statute; and a materialman furnishing material to the contractor in making the improvements specified in the contract can in his own name, where the city fails to sue in the time prescribed by the act, maintain an action on the bond, although the bond does not expressly state that it is "for the use of" persons furnishing material for construction of the improvement.

2. Where a person institutes suit upon a bond of the above-mentioned character, for material furnished to the contractor in making the public improvement, and in his petition sets out what is alleged to be a copy of the bond on which is a certificate of the clerk of the City of Thomasville, certifying to the correctness of the copy and that he is the custodian of the bond, the petition is not subject to demurer on the ground that "the suit is not based upon a certified copy of the bond certified in the manner provided by the act."

3. Where a bond of the character mentioned in the preceding division specifies two corporations as principal and a surety company as security, and a suit is brought on the bond by a person of the second class, who alleges in the petition that certain materials for which he seeks a recovery were furnished by him to one of the corporations named as principal and that only one of such principals contracted with the municipality, such allegation would not alone operate to discharge the surety on the bond.

4. The city court of Thomasville has jurisdiction to try a suit instituted by a materialman, upon a bond of the character mentioned in the preceding notes, to recover the amount due him for material furnished the contractor in making the improvements.

5. In such a suit the fact that other materialmen have also instituted suits in the same court upon the bond is not ground for a plea to the jurisdiction.

No. 4711. November 12, 1925.

The Court of Appeals certified (in Cases Nos. 16007-16011) the following questions for decision as necessary to a proper determination of these cases:

"Where a corporation contracts with a municipality for the construction of paving and other improvements on the streets of the municipality, and, under the act of 1916 (Ga. L. 1916, p. 94), executes a bond, with a surety company as surety thereon, reciting that 'we, Adams, Evans & Company, of Florida, a corporation, and Willis & Sons & McCarthy, a corporation, . . hereinafter called the 'principal,' and Southern Surety Company, a corporation hereinafter called the 'surety,' are held and firmly bound unto the City of Thomasville . . and all persons doing work or furnishing skilled labor, tools, machinery, or materials under or for the contract hereinafter mentioned, in the full and just sum of $92,657.68, . . to be paid the City of Thomasville . . or its certain attorney,' and that 'the conditions of this obligation are such that if the above-bonded principal shall complete said contract in accordance with its terms, save the city free from all costs and charges that may accrue on account of doing the work specified, pay as they become due all just claims for work, tools, machinery, skill, and

materials furnished by persons under or for the purpose of said contract, and comply with the laws appertaining to said contract, then this bond shall be void, but otherwise of full force and effect,' and where the obligee in the bond does not sue thereon within ninety days after the completion of the contract and the acceptance of the work by the proper public authority, and, under section 4 of said act, a materialman brings suit on a certified copy of said bond, in the city court of Thomasville, directly against the Surety Company:

"1. Is the city court of Thomasville without jurisdiction to try the case, for the reason that the act under which suit is brought contemplates that jurisdiction should be lodged only in the superior court?

"2. If the city court of Thomasville would ordinarily have jurisdiction to try the case presented in the foregoing query, would a plea to the jurisdiction in that court, based on section 4 of said act, be good, which alleges 'that the city court of Thomasville is without jurisdiction in this cause, and that the superior court of Thomas county has jurisdiction in this cause,' for the reason that 'there are now pending in the city court of Thomasville five separate and distinct suits against this defendant, based on this bond; that none of said suits is an intervention, but all are direct suits, and it is impossible for defendants to ascertain on oath the amount of any claim which the City of Thomasville may hold, or the amount of any other claims which may be outstanding in the hands of creditors; and that the intention of the act is that one suit only be filed, and that all other claimants intervene, and, if the total amount of the claim is in excess of the liability of the bond, that the amount be paid pro rata among those intervening; and defendant shows that the city court of Thomasville is without such equitable power as would authorize it to handle and dispose of interventions and properly distribute the funds pro rata among the creditors'?

"3. Does the fact that the certified copy of the bond declared on names two corporations as 'principal,' while the petition alleges that only one principal contracted with the City of Thomasville for paving and other improvements, and, with the defendant Security Company, executed the bond required by the statute (the account attached to the petition being against only one of the principals in

14

the bond), release the Surety Company from liability on the bond in the suit as brought?

"4. Does the fact that the certificate to the contractor's bond is made by the clerk of the City of Thomasville, who certifies that he is the custodian of said bond, so far violate section 2 of said act, providing 'that such bond shall be approved and filed with the treasurer, or the person performing the duties usually performed by a treasurer, of the obligee named therein, as to make the petition subject to demurrer upon the ground that 'the suit is not based upon a certified copy of the bond certified in the manner provided by the act'?

"5. Can the materialman bring the suit in his own name, where the certified copy of the bond declared on recites that the principal and the surety (naming them) 'are held and firmly bound unto the City of Thomasville, State of Georgia, and all persons doing work or furnishing skilled labor, tools, machinery, or materials under or for the contract hereinafter mentioned, in the full and just sum of ninety-two thousand, six hundred, fifty-seven, and 68/100 dollars, . . to be paid to the City of Thomasville, State of Georgia, or its certain attorney,' and where it is not expressly stated that the bond is 'for the use' of the obligee and for all persons doing work or furnishing skilled labor, tools, machinery, or materials under or for the contract?"

T. S. Hawes, for plaintiff in error.

Titus & Dekle, H. H. Merry, and L. S. Moore, contra.

ATKINSON, J. 1. The last question will be answered first. Section 1 of the act approved August 19, 1916 (Acts 1916, p. 94; Park's 1922 Code Supp. § 389(c)), requires persons contracting with municipal corporations for the doing of any public work to give bond payable to the municipal corporation, "with good and sufficient surety, for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract, conditioned," etc. Section 4 of the act (Park's 1922 Supplement, § 389(f)) provides that "any person entitled to the protection of such bond may maintain an action thereon for the amount due him," under the following conditions: (a) If suit is instituted on the bond by the municipal corporation, "any person doing work or furnishing skill, tools, machinery, or materials to the contractor," shall have the right to

intervene in the action and have his rights adjudicated; (b) but if no suit shall be brought by the municipal corporation within ninety days after the completion of the contract and acceptance by the municipal corporation, then the person doing work or furnishing skill, tools, machinery, or materials to the contractor shall, upon making a prescribed affidavit, be entitled to obtain from the municipal corporation a certified copy of the bond, "upon which he shall have a right of action against said contractor and the surety on said bond, or against either of them, and he shall have the right to prosecute the same to final judgment and execution." As appears from the questions propounded by the Court of Appeals, certain contractors contracting with the City of Thomasville for the construction of specified public improvements in the capacity of principals, and a surety company in the capacity of a surety, executed a bond payable to "the City of Thomasville or its special attorney," in which the makers of the bond acknowledged themselves to be "held and firmly bound unto the City of Thomasville,  .  . ‘and all persons doing work or furnishing skilled labor, tools, machinery, or materials under or for the contract." The conditions of the bond were as prescribed in section 1 of the above-mentioned act (Acts 1916, p. 94). The bond does not use the words "for the use of," but the expressed obligation is to both "the City of Thomasville" and "all persons doing work or furnishing skilled labor, tools, machinery, or materials under or for the contract." It thus appears that there is a duality of classes of persons specified in the bond as obligees. As the bond makes an express obligation to both of the designated classes of persons and specifies that payment shall be made to the City of Thomasville, and does not declare any other uses, it must necessarily be construed as being for the use of both of the designated classes of persons, namely, (1) the City of Thomasville and (2) persons falling in the class referred to in the language last quoted. So construing the bond, it is a sufficient statutory bond under the act of 1916 supra, notwithstanding it does not expressly employ the words "for the use of" the municipality or the members of the other class. Being such statutory bond, a materialman, coming under the second class of obligees can in his own name bring a suit on a certified copy thereof, as is expressly provided in section four of the act. The case differs from *American Surety Co.* v. *Small Quarries Co.,*

157 *Ga.* 33 (120 S. E. 617), brought under the same statute, but which involved a bond that was made payable only to the county and was not by its expressed terms an obligation also to "persons doing work," etc., such as are included in the above-mentioned second class of persons. It is also distinguishable from *Hannah* v. *Lovelace-Young Lumber Co.,* 159 *Ga.* 856 (127 S. E. 225), in which the bond expressly excluded "any one other than the obligee herein named."

2. The bond required by section 1 of the act is for the use of two classes of persons: first, the municipality, and second, "all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract." Both classes of persons are entitled to protection under the bond. Section 2 of the act provides that the "bond shall be approved and filed with the treasurer, or the person performing the duties usually performed by a treasurer, of the obligee named therein." Section 4 of the act specifies the order in which each class may sue on the bond. The municipality primarily may bring a suit on the bond, in which event the remedy of any person in the second class is by intervention in such suit; but if the municipality does not bring a suit within 90 days after the completion of the contract and acceptance by the municipality, any person of the second class may bring a suit upon the bond for the enforcement of any right concerning which the bond affords him protection. Where a person of the second class desires to bring a suit upon the bond, section 4 of the act makes provision for the obtainment by him of a certified copy of the bond, and declares, "upon which he shall have a right of action against said contractor and the surety on said bond, or against either of them, and he shall have the right to prosecute the same to final judgment and execution." This provision for the obtainment of a certified copy of the bond and the basing of a suit thereon is for convenience of persons entitled to sue on the bond, and is not to be construed as requiring a suit to be based on such certified copy rather than upon the original bond. To make such requirement would place the certified copy above the original bond, with no reason for making any such technical distinction. The cause of action, if any, arises from the contract embodied in the bond, not from the primary or secondary character of the paper that might be set out in a petition suing on the bond. The peti-

tion setting out the bond would be sufficient without any certificate of the custodian of the bond. Where a person of the second class above mentioned brings a suit on the bond and in his petition sets out what is alleged to be a certified copy of the bond, on which is entered the certificate of the clerk of the City of Thomasville, who certifies that he is custodian of the bond, the petition is not subject to demurrer upon the ground that "the suit is not based upon a certified copy of the bond certified in the manner provided by the act."

3. Where a bond of the character mentioned in the preceding division specifies two corporations as principal and a surety company as security, and a suit is brought on the bond by a person of the second class, who alleges in the petition that certain materials for which he seeks a recovery were furnished by him to one of the corporations named as principal, and that only one of such principals contracted with the municipality, such allegation would not alone operate to discharge the surety on the bond. In the absence of fraud, accident, or mistake inducing the surety to execute the bond, he will be bound by his contract as surety for both of the corporations named as principals in the bond, and will not be relieved by mere allegation in the petition that only one of the named principals to whom the materials were alleged to have been furnished was a contractor with the municipality. Whether or not the surety could set up fraud, accident, or mistake upon the part of the principal, inducing him to become a surety on the unfounded belief that both corporations had contracted with the municipality, would present a different question.

4. Section 2 of the act approved August 18, 1905 (Acts 1905, p. 383), creating the city court of Thomasville, confers jurisdiction upon the court "to try and dispose of all civil cases of whatever nature or amount, except in those cases over which exclusive jurisdiction is vested in the superior court by the constitution and laws of the State of Georgia." The constitution and laws of the State do not confer upon the superior courts exclusive jurisdiction of all suits against principals and sureties on bonds. Suits of this character may be at common law for a liability arising under a contract or statute, or they may involve the grant of affirmative equitable relief. In the latter instance, the superior courts would have exclusive jurisdiction, whereas they would have only concur-

rent and not exclusive jurisdiction in the former instances. In those instances, that is to say where only the common-law jurisdiction is involved, the city court of Thomasville would have jurisdiction.

5. Where a person of the second class, who has furnished materials to the contractor, brings a suit upon the bond in the city court of Thomasville, seeking a recovery for the amount due him by the contractor for materials furnished in making the improvement, a plea by the surety is not meritorious which alleges "that the city court of Thomasville is without jurisdiction in this cause, and that the superior court of Thomas county has jurisdiction in this cause," for the reason that "there are now pending in the city court of Thomasville five separate and distinct suits against this defendant, based on this bond; that none of said suits is an intervention, but all are direct suits, and it is impossible for defendants to ascertain on oath the amount of any claim which the City of Thomasville may hold, or the amount of any other claims which may be outstanding in the hands of creditors; and that the intention of the act is that one suit only be filed, and that all other claimants intervene, and, if the total amount of the claim is in excess of the liability of the bond, that the amount be paid pro rata among those intervening; and defendant shows that the city court of Thomasville is without such equitable power as would authorize it to handle and dispose of interventions and properly distribute the funds pro rata among the creditors." Section 4 of the act declares: "If no suit shall be brought by the obligee [in this case the municipality] on said bond within ninety days after the completion of the contract and the acceptance of said public building or public work by the proper public authority, then the person doing work 'or furnishing skill, tools, machinery, or materials to the contractor for said public building or public work, shall, upon application therefor and furnishing to the official who has the custody of said bond an affidavit that labor, skill, tools, machinery, or materials for the prosecution of such building or work has been supplied by him and payment for which has not been made, be furnished with a certified copy of said bond, upon which he shall have a right of action against said contractor and the surety on said bond, or against either of them, and he shall have the right to prosecute the same to final judgment and execution. . . Any

other person having a cause of action on such bond shall have the right to intervene and be made a party to such action, and the court shall determine the rights of all parties thereto. If the amount realized on said bond be not sufficient to discharge all such claims in full, such amount shall be distributed pro rata among the intervening parties." This statute is express authority for a. person of the second class who has furnished material to a contractor for making a public improvement, to bring an individual suit upon the bond for his own benefit. As appears from the questions propounded by the Court of Appeals, that is all that the plaintiff has done in this case. No affirmative equitable relief is involved which would prevent the city court of Thomasville from taking jurisdiction of the case in its inception. If the defendant surety company should institute an equitable action to enjoin all of the separate actions at law referred to in its answer, and to cause all of the plaintiffs to set up their rights in the equitable suit, to avoid a multiplicity of actions or upon other equitable grounds, a different question would arise. If upon its application the court of equity would take jurisdiction, it would be on account of equitable principles which are not involved in the common-law action as instituted by the plaintiff in the city court of Thomasville.

*All the Justices concur.*