16272. MASSACHUSETTS BONDING & INSURANCE CO. *v.*
HOFFMAN *et al.,* trustees, for use, etc.

1. In an action by the trustees of a school district "for the use" of a materialman, who furnished material used in the construction of a school building, against a bonding company as surety upon the bond given by the contractor, where the bond contained no provision that it was given "for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery or materials under or for the purpose of such contract," nor any similar clause, but specifically provided that "no right of action shall accrue for the use or benefit of any other than the obligee," the trustees can have no recovery on the bond merely "for the use" of the materialman.
2. The trustees having sought a recovery solely because the contractor had failed to pay the materialman, and it not appearing that they could be subjected to any damage or liability because of that fact, and no right or benefit having accrued under the bond to the materialman, the petition failed to set forth any cause of action whatever, and the court erred in overruling the general demurrer thereto.

DECIDED NOVEMBER 18, 1925.

Complaint on bond; from Decatur superior court—Judge Custer. January 26, 1925.

*T. S. Hawes, Jones, Evins & Moore,* for plaintiff in error.
*John R. Wilson,* contra.

BELL, J. S. O. Croom, a contractor, entered into a written contract with the trustees of the Faceville Consolidated School District for the erection of a school building at Faceville, Georgia, and furnished Massachusetts Bonding & Insurance Company as surety for the faithful performance of his contract. The contractor abandoned his work without completing it and without payment of the materialmen's bills. Among the unpaid bills was

that of Callahan Grocery Company for material actually used in the construction of the building. The trustees brought suit against the bonding company for the use of Callahan Grocery Company. The bonding company's general demurrer to the petition was over-ruled, and it excepted. The agreement between the contractor and the trustees for the erection of the building stipulated that the contractor would provide all materials and perform all work as prescribed in the specifications, and would complete the building by a certain date named, for which he was to receive a stated price to be paid in installments as specified in the agreement. The condition of the bond was that the principal should "indemnify the obligee against any loss or damage directly arising by reason of the failure of the principal to faithfully perform his contract." The bond failed to provide that it was given "for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery or materials under or for the purpose of such contract," in accordance with the form prescribed by the act of August 19, 1916 (Ga. L. 1916, p. 94, Park's Code, § 389 et seq.). On the other hand, the bond stipulated that "no right of action shall accrue for the use or benefit of any other than the obligee." The bond is the identical instrument referred to in the *Hannah* case hereafter cited.

1. Under the several recent decisions having reference to this act of 1916, and especially in view of the clause in the bond, that no right of action should accrue for the use or benefit of any other than the obligee, we are of the opinion that the liability of the surety in this case can not be extended so as to include the claims of laborers, materialmen, etc. *American Surety Co.* v. *Small Quarries Co.*, 157 *Ga.* 33 (120 S. E. 617); s. c. 31 *Ga. App.* 603 (121 S. E. 422); *Hannah* v. *Lovelace-Young Lumber Co.*, 159 *Ga.* 856 (127 S. E. 225); *United Supply Co.* v. *United States Fidelity & Guaranty Co.*, 32 *Ga. App.* 472 (123 S. E. 907). Callahan Grocery Company, the materialman, having no right or benefit whatever under the bond, suit could not be maintained thereon in the name of another merely for its use. There is nothing in the Supreme Court's decision in the *Hannah* case, supra, which would authorize a suit on the bond by the obligee, for the use of the materialman, where the bond not only fails to conform to the requirements of the act of 1916, but expressly stipulates that

no right of action shall accrue for the use or benefit of any other than the obligee. It follows from the above that no right of action is shown merely upon the claim of the materialman. In the absence of some right in themselves, the trustee can not maintain the action.

2. We agree with the contention of the counsel for defendants in error that as a general proposition, if the trustees showed a right of action in themselves, the petition would be good notwithstanding the declaration therein that the suit was for the use of another. In such a case it would ordinarily be of no concern to the defendant what might become of the money after the plaintiffs recovered it. *Norcross Butter & Cheese Mfg. Co.* v. *Summerour,* 114 *Ga.* 156 (3) (39 S. E. 870). Whether this rule would be applicable in view of the stipulation in the particular bond that no right of action would accrue thereunder for the use or benefit of any other than the obligee, it is unnecessary to decide. Assuming that the rule would have application if the other facts so warrant, let us examine the other facts to determine if they disclose a right of action even in the trustees. Undoubtedly the petition shows a breach of the bond in the failure to complete the building, but, does it show damage? · It makes no claim to general or nominal damages, and seeks to recover only because of the indebtedness due by the contractor to the materialman. Assuming that the contract for the building and the bond sued on were broad enough in their terms to render it a breach of the bond as to the trustees for the contractor to fail to pay the materialman, such breach would not damage the trustees unless because of it they were required to pay the materialman themselves. The petition fails to show, and, under the decision in the *Hannah* case, supra, could not show, the existence of any lien in favor of the materialman upon the property improved. See, in this connection, *McGarry* v. *Seiz,* 129 *Ga.* 296 (2) (58 S. E. 856). The act of 1916 provides that if the corporation or body for which work is done under a contract shall fail to take bond in the manner and form as therein prescribed, such corporation or body shall be liable for any loss resulting from such failure to all persons furnishing labor, materials, etc., to the contractor. If the materialman has any claim against the trustees, it is under this provision. Whether the petition discloses a liability by the trustees to the materialman because of their failure to take a bond from the contractor in the

"manner and form" prescribed by the statute, such liability, if existing, would not be one in which the surety on the bond actually taken would be concerned where the bond contained no provision for the assumption of it. In other words, if it could be said that the trustees had subjected themselves to liability to the material-man in failing to take a proper bond, the resulting damage to them would flow from their own default, and not from the failure of the contractor to perform his contract. The surety on the bond which they actually obtained would not ordinarily be liable for damage suffered by them because of their failure to comply with the law and take a bond of different character. We thus conclude; that, although the petition sufficiently shows that the bond has been breached, it fails to show that the trustees suffered the damage sued for. Where, as in the present case "The petition can not be construed as asking for general or nominal damages, but is expressly limited to a prayer for special damages only, and these are not recoverable, the suit is not maintainable, and is subject to be dismissed on demurrer. *Sparks Milling Co.* v. *Western Union Tel. Co.,* 9 *Ga. App.* 728 (72 S. E. 179) ; *Hadden* v. *Southern Messenger Service,* 135 *Ga.* 372 (69 S. E. 480)." The petition having failed to set forth a cause of action, the court erred in overruling the general demurrer thereto. This case is distinguishable from that of *American Surety Co.* v. *DeWald,* 30 *Ga. App.* 606 (118 S. E. 703). In that case it appeared that the obligee in the bond was a private individual and the materialman had recorded a valid materialman's lien on her property. Furthermore, the bond there involved obligated the makers to pay all persons having contracts directly with the principal for labor and materials.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*