UNION INDEMNITY COMPANY *v.* RILEY *et al.*, trustees, *et al.*

ATKINSON, J. 1. An action upon a bond, instituted by the trustees of the Fort Valley Consolidated School District, "suing for themselves *as said trustees* of said school district, and for the use of" a named class of other persons, is in effect a suit by the Fort Valley Consolidated School District in its own interest "and for the use of" the named class of other persons.

2. The bond includes an agreement of the principal and surety to be held and firmly bound unto the trustees of the Fort Valley Consolidated School District in a stated amount, conditioned to be void only "if the principal shall faithfully perform the contract on his part and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of the failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, *and shall pay all persons who have contracts directly with the principal for labor or materials." Held:*

(*a*) This clause in the bond, except the part which is underscored, contemplates security of the Fort Valley Consolidated School District *alone,* but the latter part is the equivalent of a promise by the obligors to the Fort Valley Consolidated School District that the principal "shall pay all persons who have contracts directly with the principal for labor or materials."

(*b*) The underscored clause in the bond enures to the benefit of the class of persons named, and gives them an interest in the bond.

(*c*) The interest mentioned in subparagraph (b) would authorize an equitable action on the bond by the promisee (the Fort Valley Consolidated School District) for the use of third persons who have furnished material and labor to the contractor for construction of the building. *Jordan* v. *Dixie Culvert &c. Co.,* 146 *Ga.* 284 (91 S. E. 68); *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245). This principle was recognized in *American Surety Co.* v. *County of Bibb,* 162 *Ga.* 388 (134 S. E. 100), but was not applied, because the bond under consideration in that case did not show that the materialman had an interest thereunder to protect.

(*d*) The cases of *American Surety Co.* v. *County of Bibb,* supra, and *American Surety Co.* v. *Small Quarries Co.,* 157 *Ga.* 33 (120 S. E. 617), had reference to the same bond. That bond, while in some respects similar to the bond now under consideration, did not contain that clause in the bond which is italicized as above.

3. Applying the principles stated in the foregoing notes, the first count in the petition as amended was sufficient, and the judge did not err in overruling the demurrer on all the special and general grounds.

4. In view of the ruling stated in the preceding note, it becomes unnecessary to deal with the questions raised as to the sufficiency of the second count, which seeks to reform the instrument upon which the first count was predicated; and no decision will be made upon any question relating to the second count. *Judgment affirmed. All the Justices concur.*

No. 6761. OCTOBER 4, 1929.

*Lee, Congdon & Fulcher,* for plaintiff in error.

*C. L. Shepard, P. C. O'Gorman, W. K. Miller, Pierce Brothers, Hull, Barrett & Willingham, Callaway & Howard,* and *W. S. Northcutt,* contra.