20064. DURDEN *et al.*, trustees, etc., *v.* AMERICAN SURETY COMPANY OF NEW YORK.

DECIDED JANUARY 14, 1930.

*John Rogers, J. C. Bennett, George E. Simpson,* for plaintiffs.
*Martin, Martin, Snow & Gillen,* for defendant.

LUKE, J. The board of trustees of Excelsior Consolidated School District, for the use of certain materialmen and one laborer, sued the American Surety Company of New York on its bond given under the act approved August 19, 1916 (Ga. L. 1916, p. 94), in connection with the construction of a school building. The court sustained a general demurrer to the petition, and the sole question presented for decision is whether or not the bond sufficiently complied with that act.

The bond provided that Harper Constructing Company as principal, and the American Surety Company of New York as surety, were "held and firmly bound unto Board of Trustees, Excelsior Consolidated School District . . in the sum of $11,700." The bond further provides: "That if the principal shall faithfully perform the contract on his part, and satisfy all claims and de-

mands incurred for the same, and shall indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, and shall pay all persons who have contracts directly with the principal for labor and material, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

Under the act of 1916 (Park's Code Supp. 1922, § 389 (c)), the contractor is required to give bond payable to the State or other body contracted with, "with good and sufficient surety, for the use of the obligee and all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract, conditioned," etc. It will be noted that the clause, "for the use of," is not used in the bond in this case. Under the rule expressed in the Civil Code (1910), § 3540, that "The contract of suretyship is one of strict law, and his liability will not be extended by implication or interpretation," the courts of this State have construed bonds like the one under consideration strictly. See *American Surety Co.* v. *Small Quarries Co.*, 157 *Ga.* 33 (120 S. E. 617). The case cited is very much like the case at bar, and it has been consistently followed by both the Supreme Court and this court. See *Hannah* v. *Lovelace-Young Lumber Co.*, 159 *Ga.* 856 (127 S. E. 225); *American Surety Co.* v. *County of Bibb*, 162 *Ga.* 388 (134 S. E. 100); *United Supply Co.* v. *U. S. Fidelity & Guaranty Co.*, 32 *Ga. App.* 472 (123 S. E. 907); *Ætna Casualty &c. Co.* v. *Leathers*, 33 *Ga. App.* 444 (126 S. E. 881); *Mass. Bonding &c. Co.* v. *Hoffman*, 34 *Ga. App.* 565 (130 S. E. 375). In *Southern Surety Co.* v. *Dawes*, 161 *Ga.* 207 (130 S. E. 577), the makers of the bond were "held and firmly bound unto the City of Thomasville . . and all persons doing work or furnishing skilled labor, tools, machinery, or materials under or for the contract." The court held that the bond was sufficient, because its expressed obligation was to both the municipality and "all persons doing work," etc.; and that this was true notwithstanding the fact that the words "for the use of" were not used.

In the case at bar the bond fails to "make an express obligation" to either materialmen or laborers, and it does not come within the rule of the *Dawes* case, supra. In our opinion, the case sub judice

is controlled adversely to the contention of plaintiff in error by the decisions cited herein.

The judge did not err in holding that the bond required by the statute was not taken, and that the case be dismissed.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*