24922. FIDELITY AND DEPOSIT COMPANY OF MARYLAND *v.* PITTMAN, trustee, for use, etc.

DECIDED JANUARY 14, 1936.

*Little, Powell, Reid & Goldstein, James H. Therrell,* for plaintiff in error.

*Paul E. Johnson, F. L. Eyles,* contra.

SUTTON, J. Suit for the use of a materialman who furnished marble to a subcontractor for a United States Government hospital, against the surety on the bond of the subcontractor, was brought in the name of the trustee in bankruptcy of the main contractor, who was the obligee in the bond. The material facts are substantially as follows: The Jewell Riddle Company, the main contractor, had a contract with the Government for the construction of a hospital. The Georgia Marble Company furnished marble to the Blue Ridge Tile Company, the subcontractor, which material was accepted by both the subcontractor and the main contractor and used in the construction of the hospital, in accordance with the contract between the main contractor and the Government. The Fidelity and Deposit Company of Maryland executed a bond to the main contractor as owner or obligee, agreeing to pay the main contractor the sum named therein, and providing further: "Whereas the principal [the subcontractor] has, by means of a written agreement dated June 23, 1931, entered into a contract with the owner [the main contractor] for furnishing and installing all labor and material necessary for a complete job of all slate, marble, tile, soapstone work, and accessories, including all setting material for the hospital at Fort Humphrys, Virginia, a copy of which agreement is by reference made a part hereof: Now, therefore, the condition of this obligation is such that if the principal [the subcontractor] shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same, and shall indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner [the main contractor] all outlay and expense which the owner may incur in making good any such default, and shall pay all persons who have contracts directly with the principal [the subcontractor] for labor or materials, then this obligation shall be null and void; otherwise it shall remain in full force and effect." On March 28, 1932, an involuntary petition in bankruptcy was filed against the Jewell Riddle Company, the main

contractor, under which that company was adjudicated a bankrupt on June 27, 1932, at which time said company was due and owing the subcontractor, under a contract between the main contractor and subcontractor, $1884.46 for work done and materials furnished by the subcontractor in the construction of the hospital, which sum was still due and owing. The petition alleged the failure of the subcontractor to pay the materialman for the material furnished to the subcontractor by the materialman.

The original petition was in the name of the Georgia Marble Company, the materialman, the real plaintiff in interest. By amendment it substituted as the nominal plaintiff, J. C. Pittman, trustee in bankruptcy of the Jewell Riddle Company, the main contractor, suing for the use of the Georgia Marble Company. The defendant surety made a motion to disallow and to strike the amendment, on the grounds that no cause of action was set out in the original petition, and therefore that there was nothing by which to amend; that it did not appear that the main contractor had any right to bring the action for the use and benefit of another; and that there was no allegation in the petition, nor would there be on the allowance of the amendment, to show any liability on the surety. The defendant excepted pendente lite to the order overruling this motion. It demurred to the petition, before and after the amendment, on the grounds that no cause of action was stated; that the bond sued on contained no promise or other contractual obligation running from the surety to the materialman; that it did not appear from the petition and its exhibits that the owner had sustained any loss or damage by reason of any default of the principal, the subcontractor, and that the Georgia Marble Company, as materialman, was not a beneficiary under the terms of the bond. The defendant excepted pendente lite to the order overruling its demurrer. Its answer set up that the Blue Ridge Tile Company was a subcontractor under the Jewell Riddle Company, which company had a contract with the United States Government for the erection of the public work referred to in the bond; that this public work was to be performed under statutes of the United States; that the main contractor, Jewell Riddle Company, in pursuance of such statutes, gave bond with security, conditioned for the payment of all labor and material used in the prosecution of the work, and in order to protect itself against liability for labor

and materials furnished by the subcontractor in the work done under the subcontractor, but for which the subcontractor might not pay, so that liability therefor could be established against it and its surety, took from said subcontractor the bond sued on, for its sole benefit and protection; that the plaintiff's right of action, if any existed, was on the bond given by the main contractor, Jewell Riddle Company, to the Government, and not on the subcontractor's bond to the main contractor. However, there was no direct proof that the Jewell Riddle Company had ever given a contractor's bond to the Government; this allegation of the defendant being based on the alleged presumption that the main contractor had complied with the United States statutes providing for such bond.

The defendant pleaded further that at the time the main contractor became bankrupt it was due and owing the subcontractor, under the terms of the contract between the main contractor and the subcontractor, $1884.46 for work and materials furnished by the subcontractor in the construction of the hospital, which was not paid to the subcontractor, and which the defendant averred was still owing; that the Jewell Riddle Company, as the main contractor and as obligee in the bond sued on, had released the subcontractor (the principal in the bond) and the defendant surety, by increasing the risk of the surety by rendering the subcontractor less able to discharge its obligation to the materialman, by the failure of the main contractor to pay the subcontractor the sums due it, thereby making it impossible for the subcontractor to comply with the terms of the subcontractor's bond to the main contractor, the bond sued on. By way of set-off and counter-claim the defendant alleged that the nominal plaintiff, the trustee in bankruptcy was indebted to the subcontractor $1884.46 for work done and materials furnished by the subcontractor in the construction of the hospital; and prayed that it be allowed to set off against the plaintiff's claim the claim of the subcontractor as principal and/or the defendant as surety, up to the sum sued for.

By agreement the case was tried by the judge without a jury. He rendered judgment in favor of the plaintiff in the amount sued for, with interest. To this judgment the defendant excepted, and assigned error also on its exceptions pendente lite.

1. The materialman had such a beneficial interest in the sub-contractor's bond as to authorize a suit thereon for the use of the materialman. *American Surety Co.* v. *DeWald,* 30 *Ga. App.* 606 (118 S. E. 703) ; *Union Indemnity Co.* v. *Riley,* 169 *Ga.* 229 (150 S. E. 216), and cit. The petition in the *DeWald* case showed that a suit was brought against the American Surety Company in the name of Mrs. DeWald as obligee in a contractor's bond executed by Monroe, the contractor, as principal, and the American Surety Company as surety, for the use of Barfield-Chapman Company, which company, under a contract with Monroe, had furnished plumbing work and material on the house which the contractor had agreed to construct for Mrs. DeWald; that the conditions of that bond were substantially the same as those of the bond in this case, one of the conditions being that the principal should pay all persons having contracts directly with the principal for labor and materials; that subsequently to the furnishing of the material and labor, but prior to the completion of the house, the contractor, the principal in the bond, was adjudicated a bankrupt. The defendant demurred to the petition, on the grounds, among others, that it set forth no cause of action; that no liability to the plaintiff appeared; that it was not alleged that the owner paid the claim for which suit was brought, or that the owner was liable for it; that it was not alleged that the claim would not be paid from the estate of the bankrupt contractor; and that it was not shown by what right the owner sued for the use of the materialman. In affirming the judgment overruling the demurrer to the petition, this court said, in part: "The only obligee named in the bond in the present case is Mrs. DeWald; and the Barfield-Chapman Company, for whose use the suit is brought, although not named in the bond, is clearly a beneficiary thereunder. This action [in the name of the obligee in the bond for the use of the materialman], therefore, is proceeding in strict conformity to the Georgia law, and the petition was not subject to any of the demurrers interposed." The *DeWald* case is distinguishable from *American Surety Co.* v. *County of Bibb,* 162 *Ga.* 388 (134 S. E. 100), which the plaintiff in error cites to sustain its contention that the Georgia Marble Company, the materialman, had no such beneficial interest in the subcontractor's bond as to authorize a suit for the use of the materialman in the name of the trustee in bankruptcy of the obligee in the bond

(the main contractor). One of the conditions of the bond sued on in the *DeWald* case was that the principal in the bond should "pay all persons who have contracts directly with the principal for labor or materials, or who may furnish labor or materials for the erection thereof." The bond sued on in *American Sure'y Co.* v. *County of Bibb,* supra, contained no corresponding provision affecting the right of the materialman, but was conditioned only to indemnify and save harmless the obligee in the bond. And this was the fact emphasized by Mr. Justice Gilbert speaking for the Supreme Court, and the conclusion that the materialman in that case had no interest in the contract of suretyship was based squarely upon this fact.

In *American Surety Co.* v. *Small Quarries Co.,* 157 *Ga.* 33 (120 S. E. 617), the materialman sued *in its own name* on the contractor's bond executed to Bibb County pursuant to the act approved August 19, 1916 (Ga. Laws 1916, p. 94), requiring a county to take a bond in making contracts for public works. The bond did not contain the provision that it should be "for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract," which the statute required it should contain. The Supreme Court held that the omission of this language from the face of the bond constituted a substantial variance from the "manner and form" required under the act of 1916; and therefore that the materialman could not sue the surety company in its own name, there being no direct obligation on the part of the surety company to the materialman. Subsequently a suit on the same bond was brought in the name of Bibb County, the obligee in the bond, for the use of the materialman. In *American Surety Co.* v. *County of Bibb,* supra, it was held that the suit could not be maintained in the name of the obligee for the use of the materialman, because the bond contained no provision affecting the right of the materialman; and that under the provisions of the bond there was no obligation on the part of the surety company to indemnify the materialman. Thus both the *Small Quarries* case and the *County of Bibb* case are distinguishable from the *DeWald* case and the *Union Indemnity Company* case, which two last-mentioned cases are authorities controlling the case at bar.

2. The amendment substituting the trustee in bankruptcy of the main contractor, who was the obligee in the subcontractor's bond sued on, as the nominal plaintiff suing for the use of the materialman, was properly allowed, although the obligee (the main contractor) was not damaged, and no cause of action against the surety company was shown to be in the main contractor. One of the grounds of the demurrer to the petition in the *DeWald* case, supra, was that no liability to the plaintiff appeared. This court held that the petition was not subject to any of the demurrers interposed, thus adjudicating the proposition that in such a suit it is unnecessary that liability to the nominal plaintiff appear.

3. That the subcontractor's bond to the main contractor was given for the protection of the main contractor, and that the main contractor, pursuant to United States statutes, may have given to the Government a bond for the protection of materialmen, on which bond the Georgia Marble Company, which furnished marble to the subcontractor, may have had a right of action, does not affect the Georgia Marble Company's beneficial interest in the subcontractor's bond. Granting that the subcontractor's bond was for the benefit of the main contractor, we can not infer that it was *solely* for its benefit, in view of decisions of this court and of the Supreme Court to the contrary. *American Surety Co.* v. *DeWald,* and *Union Indemnity Co.* v. *Riley,* supra. And any right of action the Georgia Marble Company may have had on the main contractor's bond would not destroy its beneficial interest in the subcontractor's bond, or preclude an action to protect that interest.

4. The subcontractor's bond is a joint and several obligation of the subcontractor and the surety. The condition in the bond that the subcontractor would pay all persons having contracts directly with the subcontractor for material created an obligation on the part of the surety which inured to the benefit of the materialman who furnished the marble directly to the subcontractor. The beneficiary of this obligation of suretyship is the materialman. The materialman, though not the nominal obligee, is the "real obligee in interest" of this obligation. The contention that the main contractor's breach of contract with the subcontractor operated to discharge the surety on the subcontractor's bond is predicated upon the hypothesis that the main contractor is the obligee. The main contractor *is* the nominal obligee. But since the materialman is

the beneficiary of the subcontractor's obligation to pay the materialman, the materialman should be considered as the real obligee, in determining the rights as between the materialman and the surety on the subcontractor's bond. The main contractor's breach of its contract with the subcontractor to pay the subcontractor for materials used in the hospital did not operate to discharge the surety on the subcontractor's bond.

5. The right of action in this case is based on the provision in the bond obligating the defendant surety to pay all persons having contracts directly with the subcontractor for labor and materials. The right arising out of the breach of this condition is the right of the materialman, a right independent of any right or claim that the main contractor, the obligee in the bond, may also have against the surety as a result of this breach of contract. The defendant attempts to set off against the materialman's demand a claim against the main contractor, which is not permissible. The court did not err in overruling the demurrer and the motion to strike, and in rendering judgment in favor of the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*