GLENS FALLS INDEMNITY CO. *v.* SOUTHEASTERN CONSTRUCTION CO., for use of GILL EQUIPMENT COMPANY.

GLENS FALLS INDEMNITY CO. *v.* SOUTHEASTERN CONSTRUCTION CO., for use of BECKHAM *et al.*

GLENS FALLS INDEMNITY CO. *v.* SOUTHEASTERN CONSTRUCTION CO., for use of D-A LUBRICANT COMPANY.

Nos. 17222, 17223, 17224.   NOVEMBER 13, 1950.   REHEARING DENIED NOVEMBER 27, 1950.

*Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.
*MacDougald, Troutman, Sams & Schroder, Gilmer A. Mac-Dougald, Miller & Head, Thomas J. Amason,* and *Louis D. Yancey Jr.,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The sole question for determination is whether the parties who furnished labor and material to the subcontractor and were not paid have such an interest in the bond executed by Glens Falls Indemnity Company as would entitle them to maintain their suits thereon.

The contract between the prime contractor and the subcontractor provided that the terms of the contract between the owner and the prime contractor became a part thereof. So, in determining for whose benefit the bond was executed and who would have a right to maintain a suit thereon, so much of the original contract between the owner and prime contractor as would illustrate this question must be looked to. *McArthor* v. *McGilvray*, 1 *Ga. App.* 643 (57 S. E. 1058); *Pittsburgh Plate Glass Co.* v. *American Surety Co. of New York*, 66 *Ga. App.* 805 (19 S. E. 2d, 357). The contract between the owner and prime contractor provides that the prime contractor "shall provide and pay for" all materials and labor. The contract between the prime contractor and the subcontractor obligated the subcontractor "for furnishing all labor and material." Consolidating the two foregoing phrases, the undertaking of the subcontractor for which the bond was executed was that he would *furnish, provide, and pay for* all labor and material.

*American Surety Co.* v. *Small Quarries Co.*, 157 *Ga.* 33 (120 S. E. 617), and *American Surety Co.* v. *County of Bibb*, 162 *Ga.* 388 (134 S. E. 100), were the same case. It was a suit upon a completion bond, which "was conditioned for the faithful compliance by the contractor with the terms and conditions of his contract with the county, so as to indemnify and save harmless the county . . for the payment, as they became due, of all just claims for . . materials furnished by persons under and for the purpose of said contract." There were no other conditions or provisions in the bond affecting the right of the materialman. The suit was originally brought by Small Quarries Company, which furnished material, against the American Surety Company, the surety on the bond, and this court held that the materialman could not maintain the suit. Subsequently an amendment was offered, making the suit proceed in the name of the "County of Bibb as plaintiff, suing for the use and benefit of

Small Quarries Company." Objections to this amendment were interposed and the case was again passed on by this court. In its second appearance this court held that the test as to whether the suit could proceed in the name of the county for the use of the materialman was dependent upon whether the materialman "has a beneficial interest to protect"; that the materialman "must not only have a legal claim on the contractor for the price of the material furnished, but it must also have been in contemplation of the parties to the surety contract that the bond should indemnify materialmen"; that any privity between the surety on the bond and the materialman must be found in the terms of the written contract; and that under the terms of the bond the materialman had no interest in the contract of suretyship.

Subsequent to the decisions in the foregoing two cases, actions on completion bonds have been held to be good when brought in the name of the obligee for the use of materialmen, where the contract specifically provided that it *would pay all persons furnishing labor and material under the contract,* or words of similar import. *Southern Surety Co.* v. *Dawes,* 161 *Ga.* 207 (130 S. E. 577); *Union Indemnity Co.* v. *Riley,* 169 *Ga.* 229 (150 S. E. 216); *American Surety Co.* v. *DeWald,* 30 *Ga. App.* 606 (118 S. E. 703); *Fidelity & Deposit Co.* v. *Pittman,* 52 *Ga. App.* 394 (183 S. E. 572). In *Durden* v. *American Surety Co.,* 40 *Ga. App.* 705 (151 S. E. 408), though the obligation contained a provision to "pay all persons . . for labor and material," it was held not sufficient to protect materialmen and labor. This case is contrary to each of the foregoing cases and should be given no binding effect.

On the other hand, where the obligee was indemnified, but nothing else appeared to show that the obligations were for the use of materialmen, it was held that materialmen had no right of action. *United Supply Co.* v. *United States Fidelity & Guaranty Co.,* 32 *Ga. App.* 472 (123 S. E. 907); *Aetna Casualty & Surety Co.* v. *Leathers,* 33 *Ga. App.* 444 (126 S. E. 881). It has also been held that there was no right of action where the bond specifically provided that it was not for the benefit of any other than the obligee. *Massachusetts Bonding & Insurance Co.* v. *Hoffman,* 34 *Ga. App.* 565 (130 S. E. 375).

The decisions in *American Surety Co.* v. *Small Quarries*, 157 *Ga.* 33, supra, and *American Surety Co.* v. *County of Bibb*, 162 *Ga.* 388, supra, have not been modified and must be the basis for a determination of the instant case. In those cases, the surety obligation "was conditioned for the faithful compliance by the contractor with the terms and conditions of his contract with the county, so as to indemnify and save harmless the county, . . and for the payment . . of all just claims for . . materials furnished by persons." In the instant case, the bond was conditioned to indemnify the prime contractor for the performance and fulfillment of the agreement of the subcontractor to *furnish, provide, and pay for all labor and material.* The two foregoing cases ruled: that, under the Code (§ 103-103), the bond must be construed strictly and not extended by implication or interpretation, and that this language did not give the materialman a right of action on the bond; that, before such right would exist, the materialman must not only have a legal claim on the contractor for the materials, but it must also have been in contemplation of the parties to the surety contract that the bond should indemnify the materialman; that furnishing material for which he was not paid was not enough to authorize suit on the bond; and that the contract must show privity between the surety and the materialman, which was not done by the language there used.

The agreement in the *Small Quarries* and *Bibb County* cases, which this court held not sufficient to authorize a recovery by materialmen, was "for the payment . . of all just claims for . . materials furnished by persons . ." The agreement in the instant case was to *furnish, provide, and pay for all labor and material.* We cannot interpret the language used in the instant case as being any broader, as intending to indemnify the materialman, than that used in the two foregoing cases.

While there is authority from other jurisdictions to the contrary, this question is determined by decisions of this court.

Accordingly, we hold that the Court of Appeals erred in reversing the trial judge, who sustained a general demurrer to the petition of the materialmen.

*Judgments of the Court of Appeals reversed. All the Justices concur, except Duckworth, C.J., Head and Hawkins, JJ., who dissent.*

DUCKWORTH, Chief Justice, dissenting. The decisive question is whether the terms of the bond limit its protection to the obligee therein, or whether it protects materialmen. The answer is to be found in the language employed by the parties to the bond in stating its obligation. To regard the decisions in *American Surety Co.* v. *Small Quarries Co.,* 157 *Ga.* 33, and *American Surety Co.* v. *County of Bibb,* 162 *Ga.* 388, where the plain obligation of the bond was to protect the obligee against claims for material, etc., as controlling here, where the obligation is not as there, to protect the obligee against claims, but is to pay all such claims, is to disregard the decisive question. In *Union Indemnity Co.* v. *Riley,* 169 *Ga.* 229, this court clearly marked the distinction in the two obligations. In headnote 2 it was held that the portion of the obligation expressed in the bond as follows, "and shall pay all persons who have contracts directly with the principal for labor or materials," inured to the benefit of the persons named and gave them a benefit in the bond, for which suit on the bond by the promisee for their use might be maintained. There is simply no conceivable difference in substance in the obligation there to pay a designated class for materials, and in the obligation here to pay for materials. Obviously the materials could be paid for only by paying those furnishing them. The *Riley* case is concurred in by all the Justices and is controlling here. Neither *American Surety Co.* v. *Small Quarries Co.,* supra, nor *American Surety Co.* v. *County of Bibb,* supra, is concurred in by all the Justices, and hence, if applicable, would not be binding. Here we have the parties plainly expressing their agreement which obligates the obligor to pay for materials, and the suit is to recover for a breach of this solemn obligation. Here, as in all cases, the safest, the fairest, and the most just course for the court is to accept the plain facts and render judgment accordingly. It is never good grounds for complaint that one is required to fulfill legal obligations which he has for a consideration deliberately assumed. I am authorized to say that Mr. Justice Head and Mr. Justice Hawkins concur in this dissent.