## 51165. SENTRY INDEMNITY COMPANY v. CENTRAL ELECTRIC COMPANY, INC.

CLARK, Judge.

1. "Actions on completion bonds have been held to be good when brought in the name of the obligee for the use of materialmen, where the contract specifically provided that it *would pay all persons furnishing labor and material under the contract,* or words of similar import. *Southern Surety Co. v. Dawes,* 161 Ga. 207 (130 SE 577); *Union Indemnity Co. v. Riley,* 169 Ga. 229 (150 SE 216); *American Surety Co. v. DeWald,* 30 Ga. App. 606 (118 SE 703); *Fidelity & Deposit Co. v. Pittman,* 52 Ga. App. 394 (183 SE 572) . . . On the other hand, where the obligee was indemnified, but nothing else appeared to show that the obligations were for the use of materialmen, it was held that materialmen had no right of action. *United Supply Co. v. United States Fidelity & Guaranty Co.,* 32 Ga. App. 472 (123 SE 907); *Aetna Casualty & Surety Co. v. Leathers,* 33 Ga. App. 444 (126 SE 881). It has also been held that there was no right of action where the bond specifically provided that it was not for the benefit of any other than the obligee. *Massachusetts Bonding & Insurance Co. v. Hoffman,* 34 Ga. App. 565 (130 SE 375)." *Glens Falls Ind. Co. v. S. E. Const. Co.,* 207 Ga. 488, 491 (62 SE2d 149).

2. The construction bond here named the builder as principal and recited that the surety and principal "bound themselves unto R. and R. Enterprises, as Owner, and the Rome Bank and Trust Company of Rome, Georgia, as Lender, by virtue of a Contract Bond, as is evidenced by Exhibit 'A' hereto annexed." Material to our decision is the following portion of the bond: "If principal shall, subject to the performance of owner's obligations to principal, perform principal's obligations under said contract and keep the property free and clear of any and all mechanic's and materialmen's liens for labor or material furnished in connection therewith, then this obligation shall be void; otherwise it shall remain in full force and effect . . . No right of action shall accrue on this bond to or for the use or benefit of any person or corporation, other than the owner and lender herein

named, unless such person or corporation shall be granted right of action by applicable law." Strictly construing this contract of suretyship (Code § 103-103; *American Surety Co. v. County of Bibb,* 162 Ga. 388, 393 (134 SE 100)), we are constrained to rule that the materialman cannot recover from the surety on this bond. *Aetna Casualty & Surety Co. v. Leathers,* supra; *Massachusetts Bonding & Insurance Co. v. Hoffman,* supra. Accordingly, the trial court erred in failing to grant the surety's motion for judgment on the pleadings.

3. The cases relied upon by the materialman are not apposite here. In those cases, e.g., *Robinson Explosives v. Dalon Contr. Co.,* 132 Ga. App. 849 (209 SE2d 264), the construction bonds contained explicit language demonstrating that the parties intended for materialmen to have a beneficial interest in the bond.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

Submitted September 4, 1975 — Decided October 20, 1975 — Rehearing denied November 14, 1975 —

*Walton, Smith, Shaw, Maddox & Davidson, Groze Murphy, Jr.,* for appellant.
*Hamilton, Anderson & Minge, Jerry L. Minge, Frank H. Jones,* for appellee.