## LOUIS J. PAPINEAU *vs.* NAUMKEAG STEAM COTTON COMPANY.

Essex.   Nov. 6, 1878. — March 10, 1879.   ENDICOTT & LORD, JJ., absent.

A., who was in the employ of a corporation, gave B. an order on the corporation for a certain sum, to be paid monthly, in specified instalments, out of his wages. The paymaster of the corporation said he would take charge of the order, and if there was no trouble about it he would pay it. As each instalment came due, B. demanded it, but was refused payment. The paymaster took the money out of A.'s wages, and put it in an envelope marked with B.'s name. No attachment was made of the money in the hands of the corporation. *Held*, that B. could not maintain an action for money had and received against the corporation.

CONTRACT for money had and received. Answer, a general denial. At the trial in the Superior Court, before *Brigham*, C. J., the plaintiff offered to prove the following facts:

On June 9, 1874, Peter Pelletier brought an action by trustee process against Joseph Couillard, who was then in the employ of the defendant corporation. At that time Pelletier was indebted to the plaintiff in this action; and, by an agreement between the parties, it was arranged that Pelletier should discontinue the trustee suit, and Couillard should settle the accounts between himself and Pelletier, and between Pelletier and the plaintiff, by paying the costs of the trustee suit ($5) and $38 directly to the plaintiff. Couillard, in accordance with this agreement, executed an order addressed to the treasurer of the defendant corporation,

requesting him to pay the $5 on the first day of July, and the residue to the plaintiff in this action, in specified instalments on the first day of each following month.

This order was signed by Couillard in the defendant's office, in the presence of the clerk of the defendant corporation, who acted as paymaster and usually took charge of all such orders and assignments, and who immediately thereupon paid the first instalment of five dollars to the payee. The order was not recorded, but left with the defendant's clerk, who kept it, saying he would take charge of it, and if there was no trouble about it he would pay it, or words to that effect; and he then attached it to the copy of the writ in the trustee suit, and filed both away among the defendant's papers. Subsequently, as each pay-day occurred, the plaintiff called at the office of the defendant and made demand of the clerk for the payment of the instalments as they fell due, but was refused payment. When the whole sum was due, the plaintiff was told by the clerk that the money had been collected of Couillard out of his wages, according to the terms of the order, and put into a separate envelope marked with the plaintiff's name, and the money and envelope were shown to the plaintiff; but the clerk further said that the money could not be paid over to him. The plaintiff asked if anybody had attached the money, and was told that nothing of that kind had been done. The plaintiff then again demanded the money of the defendant, but was again refused; he then demanded the order, but that also was refused him.

The judge ruled that, upon these facts, the plaintiff could not maintain his action in the present form, if at all, inasmuch as the money sued for was not the money of the plaintiff, but was Couillard's money until actually paid over to the plaintiff; and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*S. B. Ives, Jr.,* (*N. J. Holden* with him,) for the plaintiff.

*C. Sewall,* for the defendant.

SOULE, J. The order of Couillard on the defendant, in favor of the plaintiff, was not an order for payment of all that should be due the drawer as wages at the several times when the instalments were to be paid. It was not, therefore, an assignment of wages to the plaintiff, unless the defendant saw fit to assent to it

as such, but a mere order for money. *Gibson* v. *Cooke*, 20 Pick. 15. *Dana* v. *Third National Bank*, 13 Allen, 445. If it were an assignment, it would not enable the plaintiff to maintain an action in his own name, except on proof of a promise by the defendant to the plaintiff to pay him. *Riley* v. *Taber*, 9 Gray, 372. *Foss* v. *Lowell Five Cents Savings Bank*, 111 Mass. 285. Such acceptance or promise is not shown. The statement of the clerk of the defendant, that he would pay the order if there was no trouble about it, was not a promise, but rather a refusal to assume responsibility, leaving the question of payment to be determined by his employers at some future time. The separation and retention by the clerk of the amount of the successive instalments, and placing them in an envelope marked with the plaintiff's name, did not change the legal relations of the parties, nor the ownership of the money so separated and retained. It was accompanied by refusal to pay it to the plaintiff, which precludes the inference of any promise to him; and the money remained in the control of the defendant to use as it saw fit to use it. The wages of Couillard remained unpaid to the amount thus retained by the defendant, and a suit in his name could have been maintained to recover the balance due.                    *Exceptions overruled.*