Lou Day *vs.* Isaac S. Cohen & others.

Suffolk.    November 20, 1895. — February 28, 1896.

Present: Field, C. J., Allen, Holmes, Knowlton, & Lathrop, JJ.

*Mortgage of Household Furniture — Interest — Statute.*

The St. of 1892, c. 428, § 3, is not applicable to a mortgage given at the time of
sale to secure a part or the whole of the purchase price of household furniture
bought by the mortgagor of the mortgagee.

Tort, for the conversion of certain household furniture. Trial
in the Superior Court, without a jury, before *Mason*, C. J., who
found for the defendants, and reported the case for the determi-
nation of this court. If the finding was correct, judgment was
to be entered thereon; otherwise, it was to be set aside, and
judgment entered for the plaintiff for the sum of three hundred
dollars, which was the value of the furniture. The facts appear
in the opinion.

*F. Hunt*, for the plaintiff.

*G. E. Curry*, (*P. J. Sondheim* with him,) for the defendants.

Knowlton, J. The only question in this case is whether
St. 1892, c. 428, § 3, is applicable to a mortgage given at the
time of sale to secure a part or the whole of the purchase price
of household furniture bought by the mortgagor of the mort-
gagee. This section is as follows: " No mortgage of household
furniture on which interest is charged at the rate of eighteen
per centum or more per annum, made to secure a loan of less
than one thousand dollars, shall be valid unless it state with
substantial accuracy the amount of the loan, the time for which
the loan is made, the rate of interest to be paid, and the actual
expense of making and securing the loan, nor unless it contain
a provision that the debtor shall be notified in the manner pro-
vided in section seven of chapter one hundred and ninety-two
of the Public Statutes, of the time and place of any sale to be
made in foreclosure proceedings at least seven days before such
sale." The statute is entitled, " An Act relative to the discharge
of small loans and the redemption of the security given for such
loans." The first section, in regard to the discharge of loans,

provides in each case for the payment of the " actual expenses of making the loan and securing the same."   The section quoted above refers exclusively to mortgages of household furniture, and the purpose of it apparently is to provide special safeguards for the protection of articles used in the household, which their owner, under the pressure of necessity, has conveyed as security for the payment of borrowed money.

The provision requiring the insertion in the mortgage of a statement of the " actual expense of making and securing the loan " is not applicable to a mortgage like that in the case at bar.   While in a broad sense of the word the credit given for the price of goods sold may be called a loan, it is not a loan in the ordinary and usual sense of the word, and we think it is not a loan within the meaning of the statute.   The language here used has reference primarily to money furnished to another to be repaid, and it is not intended to include credits given for goods sold upon which a mortgage is taken back by way of security.   The ruling at the trial was correct.

*Judgment on the finding.*