ANDREWS ELECTRIC, INCORPORATED, *vs.* ST. ALPHONSE CATHOLIC TOTAL ABSTINENCE SOCIETY & others.

Plymouth.   March 6, 1919. — April 22, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Order.   Assignment.   Contract,* Consideration.   *Equity Jurisdiction,* To enforce satisfaction by debtor of order of creditor to pay part of debt to a third person.   *Equity Pleading and Practice,* Decree.

An order by a building contractor directing the owner of a building which he was erecting to pay to a subcontractor a certain sum "out of the amount coming to me on my contract . . . same being the balance due" the subcontractor "on wiring contract," is as between the parties an assignment when delivered to the owner.

Where, more than four months after the delivery to the owner of the order above described and without the order ever having been accepted by the owner, the contractor is adjudicated a bankrupt, the order, if it appears that it was made in good faith, is valid as an assignment and enforceable in a suit in equity by the subcontractor against the owner, the contractor and the contractor's trustee in bankruptcy, although it is an order by a creditor upon his debtor to pay less than the whole of the debt to a third person, which could not be enforced in an action at law.

In such a suit a proper decree is one directing the owner to pay to the subcontractor the amount of the order with interest from the filing of the bill, and to pay the balance of the debt due to the contractor to his trustee in bankruptcy.

BILL IN EQUITY, filed in the Superior Court on April 18, 1918, against St. Alphonse Catholic Total Abstinence Society, the owner of a certain building, James Shields, the contractor who built it for the owner, and Ovide V. Fortier, his trustee in bankruptcy, to compel payment to the plaintiff of a sum due to it as a subcontractor and alleged to have been assigned to it by the contractor more than four months before the bankruptcy of the contractor from funds due to him from the owner.

The suit was heard by *N. P. Brown*, J., upon the bill, answers and an agreed statement of facts, and, at the request of the parties, was reported by him for determination by this court.

*W. G. Rowe*, for the plaintiff.

*H. F. Parker*, for the defendants.

PIERCE, J. The plaintiff in 1915 was employed as a subcontractor on a building erected for the defendant St. Alphonse Catholic Total Abstinence Society. The contractor was the defendant James Shields. The defendant Ovide V. Fortier is the trustee in bankruptcy of the estate of Shields. At the completion of the work of the plaintiff, Shields owed it $223. It requested Shields to make payment of the debt due, and he thereupon delivered to it the following order upon the society:

"St. Alphonse Total Abstinence Society,
Gentlemen: —

Kindly pay to Andrews Electric Inc., the sum of $223 out of the amount coming to me on my contract with the society, same being the balance due them on wiring contract.

James Shields."

Before March 9, 1916, the plaintiff delivered this order to one Barlow, an architect employed by the society and the architect on the building in question. On March 9, 1916, the plaintiff wrote to the treasurer of the society a letter wherein it was stated that "he [Shields] has given us an order on his account with you for the balance, thus releasing any claim he may have on so much of the balance due on the building due him as will satisfy our bill, namely, $223. This order has been handed to Mr. Barlow."

When the order was delivered through Barlow to the society it claimed certain deductions from the balance of the contract price for the work done by Shields, because of defective work,

and it was therefore uncertain what amount if any was due Shields. The order was never in fact accepted. Upon an adjustment of the account in March, 1918, under authority of the bankruptcy court it was agreed that the society owed Shields $419 when the order was given to the plaintiff.

The order was a good assignment between the parties. *Richardson* v. *White*, 167 Mass. 58. It was given in consideration of a pre-existing debt, was drawn upon a specific fund identified by the order itself, was delivered to the payee and notice thereof was given to the debtor. *Putnam* v. *Story*, 132 Mass. 205, 212. *Holbrook* v. *Payne*, 151 Mass. 383.

Shields was adjudicated a voluntary bankrupt on January 25, 1917. There is nothing in the agreed statement of facts to show that Shields had any other creditor than the plaintiff when the order was given it, and the existence of creditors on March 9, 1916, cannot be inferred from the fact that Shields was bankrupt on January 25, 1917. The assignment appears to have been made in good faith, it did not affect the rights of creditors and was made more than four months before the commencement of bankruptcy proceedings. An assignment of the whole fund made under these circumstances is good between the parties and against the trustee in bankruptcy of the assignor. *Bridge* v. *Kedon*, 163 Cal. 493. *Stewart* v. *Platt*, 101 U. S. 731. *Sawyer* v. *Turpin*, 91 U. S. 114.

An assignment of part of the fund against the consent of the drawee is void at law because the partial assignee is not an attorney with power to sue in the assignor's name and because "a debtor is not to have his responsibilities so far varied from the terms of his original contract as to subject him to distinct demands on the part of several persons, when his contract was one and entire." *Gibson* v. *Cooke*, 20 Pick. 15, 18. *Palmer* v. *Merrill*, 6 Cush. 282. *Papineau* v. *Naumkeag Steam Cotton Co.* 126 Mass. 372. *Mandeville* v. *Welch*, 5 Wheat. 277, 286. In equity, however, the objections to a partial assignment disappear. All persons in interest can be brought before the court in a single suit and a decree can be entered which will protect the rights of all parties concerned. *National Exchange Bank* v. *McLoon*, 73 Maine, 498.

The question at issue has never been directly decided in this Commonwealth, but inferentially the decisions are in accord with the very great weight of authority in England and the United

States in the support of the legal statement that such an assignment is valid in equity without the assent of the debtor, trustee or stakeholder; and we are of opinion that such is the true rule and should be followed in this Commonwealth. *Putnam* v. *Story,: supra. James* v. *Newton,* 142 Mass. 366. *Richardson* v. *White, supra. Kingsbury* v. *Burrill,* 151 Mass. 199. *Nashua Savings Bank* v. *Abbott,* 181 Mass. 531. *Security Bank of New York* v. *Callahan,* 220 Mass. 84. *Row* v. *Dawson,* 1 Ves. Sr. 331. *Ex parte Moss,* 14 Q. B. D. 310. *Percival* v. *Dunn,* 29 Ch. D. 128. *Trist* v. *Child,* 21 Wall. 441. *Peugh* v. *Porter,* 112 U. S. 737. *Fourth Street Bank* v. *Yardley,* 165 U.S. 634. *National Exchange Bank* v. *McLoon, supra. Risley* v. *Phenix Bank of New York,* 83 N. Y. 318. *Appeals of City of Philadelphia,* 86 Penn. St. 179. *Bower* v. *Hadden Blue Stone Co.* 3 Stew. 171.

The assignment being valid in equity and not void as in fraud of creditors or as contravening the bankruptcy act, the trustee took subject to it. *Bridge* v. *Kedon, supra. Fletcher* v. *Morey,* 2 Story, 555. *Parker* v. *Muggridge,* 2 Story, 334. *In re Hanna,* 105 Fed. Rep. 587.

It follows that a decree should be entered that the St. Alphonse Catholic Total Abstinence Society pay the plaintiff from said fund of $419 the sum of $223, with interest thereon from the filing of the bill, and the balance of the fund to the trustee in bankruptcy.

*Decree accordingly.*