ARTHUR L. GILMAN *vs.* JOHN H. RAYMOND.

Suffolk.     January 13, 1920. — March 20, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Assignment,* Of wages, Of part of a debt.     *Municipal Court of the City of Boston,* Appeal.

By St. 1909, c. 514, §§ 121–126, the rule of the common law, that wages to be earned under a contract of service not yet made are not assignable, was changed, and, under the provisions of that statute and its amendments, all wages earned by the assignor within two years from the date of the assignment from any person who might employ him during that period became assignable upon the requirements of the statute being satisfied. *Raulens* v. *Levi,* 232 Mass. 42, distinguished.

An assignment of wages in the statutory form required by St. 1909, c. 514, § 124, as amended by St. 1916, c. 208, § 2, which provided that "three fourths of the weekly earnings or wages . . . are exempt from this assignment," being an assignment of a part only of the debt due to the assignor, is not enforceable in an action at law by the assignee against one who employed the assignor during the two years covered by the assignment and who, although he received notice of the assignment, did not accept it, but refused to pay money to the assignee.

At the trial of an action in the Municipal Court of the City of Boston upon an assignment of wages, the trial judge erroneously refused to rule that the assignment was binding on wages earned by the assignor within two years even though, at the time when it was sought to enforce it, the assignor was in the employ of a person other than the one by whom he was employed at the time when it was executed, and found for the defendant. A report to the Appellate Division was dismissed and the plaintiff appealed. This court determined that, although the ruling asked for was a correct statement of the law, the plaintiff was not harmed by its refusal, because no action at law could be maintained upon the assignment due to the fact that it was an assignment of part only of a debt, three fourths of the assignor's wages being exempted by its provisions; and, under St. 1913, c. 716, § 1, ordered judgment for the defendant.

CONTRACT upon an assignment of wages to secure the payment of a debt of $95 incurred in the purchase of merchandise. Writ in the Municipal Court of the City of Boston dated April 21, 1919.

The assignment, excepting the *in testimonium* clause, was as follows:

"Know all men by these presents.

"That I, Herman Tobias, of Boston in the County of Suffolk, for a valuable consideration paid to me by Arthur L. Gilman of

Boston, Massachusetts, the receipt of which I do hereby acknowledge, do hereby assign and transfer to said Arthur L. Gilman all claims and demands, not exempt by law (which I now have, and all) which within a period of two years from the date hereof I may and shall have against my present employer and against any person whose employ I shall hereafter enter (for all sums of money due, and) for all sums of money and demand which at any time within said period may and shall become due to me for services as cap maker.  To have and hold the same to the said Arthur L. Gilman, his executors, administrators and assigns to secure a debt (1) of one hundred dollars ($100.00) for goods actually furnished by the assignee amounting to one hundred dollars ($100.00).  (2) Contracted simultaneously with the execution of this assignment.  (3) Three-fourths of the weekly earnings or wages, which are forty dollars ($40.00), are exempt from this assignment."

The material facts appearing at the hearing in the Municipal Court are described in the opinion.  At the close of the evidence, the plaintiff asked for the following rulings:

"1. Upon all the evidence the plaintiff is entitled to recover.

"2. St. 1909, c. 514, §§ 121–126, inclusive, as amended by St. 1916, c. 208, §§ 1–3, inclusive, binds all wages earned by the assignee within the statutory period whether, at the time the assignee files notice with the employer of the assignment together with a statutory account, the assignor is or is not then employed by the person by whom the assignor was employed at the time the assignment was executed and delivered to the assignee.

"3. If the court finds that the assignment in the case at bar is in the form required by law and that the plaintiff has done all acts necessary to bring himself within the requirements of the law relative to future wage assignments, it is immaterial whether the assignor be or be not employed by the person by whom he was employed at the time the assignment was given.

"4. St. 1909, c. 514, §§ 121–126, inclusive, as amended, binds all wages earned by the assignor within the statutory period, whether or not the assignor is employed by the person by whom he was employed at the time the assignment was executed.

"5. The intent and purpose of the legislative acts referred to is to bind to the assignee when the assignment is sought to be en-

forced, all wages earned by the assignor whether or not he, at the time the assignment is sought to be enforced, is or is not employed by the person by whom he was employed at the time the assignment was executed."

The trial judge refused to rule as requested, found for the defendant and, at the plaintiff's request, reported the case to the Appellate Division, who dismissed the report. The plaintiff appealed.

*L. Marks,* for the plaintiff, submitted a brief.

The case was submitted by the defendant without argument or brief.

DE COURCY, J. One Herman Tobias assigned to the plaintiff the wages that should become due to him during two years from January 7, 1918, from his then employer or from any person whose employ he should enter during that period. The assignment was in the standard form prescribed in the labor law, St. 1909, c. 514, § 124, as amended by St. 1916, c. 208, § 2. At the time of its execution Tobias was employed by George H. Staples, but was discharged by him on February 23, 1918. Since March 18, 1918, to and including the date of the writ, he has been in the employ of the defendant Raymond. At the trial in the Municipal Court the plaintiff requested the judge to rule, in substance, that the assignment was binding on the wages earned by Tobias within two years, even though, at the time when it was sought to enforce the instrument, Tobias was in the employ of a person other than the one by whom he was employed at the time it was executed. The requests were denied.

We are of opinion that the plaintiff was entitled to such a ruling. Undoubtedly at common law wages to be earned under a contract of service not yet made were not assignable. *Eagan* v. *Luby,* 133 Mass. 543. *Citizens Loan Association* v. *Boston & Maine Railroad,* 196 Mass. 528, 531. During recent years the Legislature has undertaken to regulate assignments of wages, in connection with the laws relating to labor and to the business of making small loans. By St. 1909, c. 514, §§ 121–126, certain requisites for the validity of such assignments were prescribed, and a standard form was enacted. It is significant that this form not only does not require the insertion of the name of the present employer, but it expressly purports to assign and transfer

"all claims and demands [which I now have, and all] which within a period of          from the date hereof I may and shall have against my present employer, and against any person whose employ I shall hereafter enter, [for all sums of money due and] for all sums of money and demands which, at any time within said period may and shall become due to me, for services as          ."
Section 126 reads: "Except as above provided, an assignment of wages made in accordance with the provisions of this act shall bind all wages earned by the assignor within the period named in such assignment." In view of this language, read in the light of the regulations provided by statute for safeguarding such assignments of wage-earners, we think it was the intention of the Legislature to change the common law doctrine, and while limiting the assignments to a period of two years, to broaden their scope so as to cover wages earned from different employers during that period. In the case of *Raulins* v. *Levi*, 232 Mass. 42, the statutory two years period expired while the suit was pending, and the defendant's right to enforce the assignment ceased. What was there said with reference to the effect of the assignor's change of service after the instrument was made, was based upon the concession of counsel for the defendant, quoted in the opinion.

The error in refusing to give the rulings requested, however, has not injuriously affected the substantial rights of the parties, and the finding for the defendant was right. It appears from the report that the plaintiff on April 1, 1918, sent to the defendant a copy of the assignment and a sufficient statement of the account in accordance with St. 1909, c. 514, § 122. The defendant employer, however, did not accept the order, and refused to pay money thereon to the plaintiff. We assume, for the purposes of this case, that St. 1910, c. 563, St. 1911, c. 727, § 22, and St. 1912, c. 675, § 6, which expressly require the written acceptance of the employer in order to make an assignment valid against him, are applicable only to assignments made to secure small loans, and do not apply to those which secure a sale of merchandise, such as the one in this case. See *Day* v. *Cohen*, 165 Mass. 304. But the assignment in question in terms exempted from its operation "three fourths of the weekly earnings or wages" of Tobias. See St. 1916, c. 208. It was in effect an order on the employer to pay one fourth of the weekly wages of his employee to this plaintiff.

Whatever rights in equity such a partial assignment may confer on the assignee (see *Andrews Electric, Inc.* v. *St. Alphonse Catholic Total Abstinence Society,* 233 Mass. 20), it could not, without the defendant's consent, split up the single and entire contract existing between him and his employee, Tobias, and subject him to several actions thereon at the instance of assignees of separate portions of the debt. The mere sending of a notice of the partial assignment to the defendant did not end or change his rights under the original contract with his employee. *Gibson* v. *Cooke,* 20 Pick. 15. *Papineau* v. *Naumkeag Steam Cotton Co.* 126 Mass. 372. *James* v. *Newton,* 142 Mass. 366. *Holbrook* v. *Payne,* 151 Mass. 383. *Security Bank of New York* v. *Callahan,* 220 Mass. 84, 87. *Mandeville* v. *Welch,* 5 Wheat. 277. Ann. Cas. 1912 A 673 note.

The order dismissing the report should be affirmed, and judgment entered for the defendant. St. 1913, c. 716, § 1. It is

*So ordered.*