19552. PACIFIC NATIONAL FIRE INSURANCE CO. *v.* CUMMINS DIESEL OF GEORGIA, INC.

ARGUED JANUARY 16, 1957—DECIDED FEBRUARY 11, 1957.

6

*Wheeler, Robinson & Thurmond, Emory F. Robinson,* for plaintiff in error.

*Comer W. Padrick, Jr., Jones, Williams, Dorsey & Kane,* contra.

DUCKWORTH, Chief Justice. ■ Sec. 270a of 40 U. S. C. A., p. 296, provides that, before any contract exceeding $2,000 in amount, for constructing, repairing, etc., any public building or public work of the United States is awarded to any person, such person must furnish to the United States a bond adequate (1) to protect the United States in insuring performance, and (2) to protect all persons furnishing labor and material, for the use of each such person. Sec. 270b of 40 U. S. C. A., p. 345, provides that persons furnishing labor or material in respect to which the bond is required under 270a who have not been paid therefor within 90 days after the work was done or the materials furnished shall have the right to sue on such bond: Provided however, that any person "having direct contractual relationship with a sub-contractor but no contractual relationship express or implied with the contractor . . . shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed." It is further provided in (b) of said sec. 270b that every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, and in the United States District Court, irrespective of the amount. Based upon the foregoing law, a plea in abatement was filed by the defendant Pacific National Fire Insurance Company, and an exception is taken to the judgment overruling that plea.

The suit was not brought upon the bond provided for in the foregoing law. The bond upon which it is brought does not make the United States the obligee therein. The United States is neither a party to the suit nor can it be affected by a judgment

rendered in such suit. The bond here sued upon was given by a subcontractor and is one not provided for in the Federal statute. It was not error to overrule the plea in abatement.

■ "The beneficiary of a contract made between other parties for his benefit may maintain an action against the promissor on said contract." Code (Ann. Supp.) § 3-108 (Ga. L. 1949, p. 455). See *Savannah Bank & Trust Co.* v. *Wolff*, 191 *Ga.* 111 (11 S. E. 2d 766). Therefore, this suit by a materialman in its own name against the obligors in such a bond for materials furnished is not subject to dismissal upon the ground that it is not brought in the name of the obligee named in such bond. *Union Indemnity Co.* v. *Riley*, 169 *Ga.* 229 (150 S. E. 216); *American Surety Co.* v. *De Wald*, 30 *Ga. App.* 606 (118 S. E. 703); *Fidelity & Deposit Co. of Maryland* v. *Pittman*, 52 *Ga. App.* 394 (183 S. E. 572). The beneficiaries in this case, as in *Union Indemnity Co.* v. *Riley*, are different from those referred to in *American Surety Co.* v. *A. T. Small Quarries Co.*, 157 *Ga.* 33 (120 S. E. 617), and *American Surety Co. of New York* v. *County of Bibb*, 162 *Ga.* 388 (134 S. E. 100). Furthermore, neither of the latter cases nor *Glens Falls Indemnity Co.* v. *Southeastern Construction Co.*, 207 *Ga.* 488 (62 S. E. 2d 149), upon which the defendant relies, has the concurrence of all the Justices, and to the extent that they differ from *Union Indemnity Co.* v. *Riley*, supra, which is concurred in by all the Justices, they are not the law.

The surety on the bond, being a foreign corporation having an office, agent, or place of business in Fulton County, the Civil Court of Fulton County had jurisdiction.

■ "All misnomers, whether in the Christian name or surname, made in writs, petitions, or other judicial proceedings on the civil side of the court, shall, on motion, be amended and corrected instanter, without working unnecessary delay to the party making the same." Code § 81-1206. But in *Nashville, C. & St. L. Ry. Co.* v. *Edwards*, 91 *Ga.* 24 (3) (16 S. E. 347), it is said: "Where one railroad corporation is sued for a tort, the declaration can not be amended by substituting another as defendant, under the guise of correcting a misnomer." And in the famous case of *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691 (13 S. E. 809), at page 710, it is said: "Any cause of action whatever would be new and distinct if no trace of it could be found in the declaration.

There must be some trace of a particular cause of action in the declaration in order that it may contain enough to amend by. And as the original cause must be adhered to, and no other substituted in its place, the trace furnished must be sufficiently plain and distinct to identify the particular cause of action to which the declaration points or refers. . . As a cause of action consists of duty and breach, these two questions should be asked and answered in the joint light of the declaration and the proposed amendment: Did the design of the pleader embrace a *real duty and breach*, or only something which he supposed by mistake of law to be such? If real and not merely supposed, what particular duty and breach did he intend to declare upon? . . When a cause of action appears in the declaration, that, and that only, is the one which the pleader is supposed to have designed. . . . There must be means of identifying the particular individual cause, so as to adhere to one and the same cause and guard against the substitution of any other in its place." (Italics ours). The foregoing extensive quotation is taken from the one decision above all others of this court upon which lawyers rely for liberality in amending. It clearly shows that fundamental. rules of pleading designed to require a clear statement of one case, and forbidding confusing two cases or substituting one case for another, are still upheld and respected.

Lawyers have a duty to maintain plain and understandable pleadings. This duty will not be discharged if a cringing court excuses each violation upon the fallacious assumption that by such course justice is done. Weigh the instant case upon the foregoing scales. This plaintiff in error was sued as surety upon a bond with Fred Dale as principal. The amendment sues the same defendant upon a bond where it is surety for Dale Electric Company. Any person able to read simple English can know beyond a doubt that two separate and distinct bonds are alleged; that the amendment seeks to substitute for the cause of action a bond with Dale Electric Company, as principal, for a bond with Fred S. Dale, as principal. It can not be reasonably or logically denied that the only duty asserted in either the original or the amendment is to pay for materials furnished, and only the bond imposes that duty.

Of course, courts should not allow technicalities and empty

legal theories to defeat justice. At the same time courts should not, under the pretense of doing justice, approve a disregard of established rules designed to reach the truth in all cases on the shabby excuse that it is necessary to do justice. The law will not allow a pleader to completely change his cause of action by amendment. At the very point where it becomes necessary to do so, the only course open is to dismiss and sue upon the correct demand. A plain distinction between a case in court and controversies outside courts is that the court action must relate to a defined right which the law entitles the plaintiff to have, whereas controversies out of court are full of irrelevant, irresponsible, contradictory, and confused contentions. The former points unerringly to the truth, while the latter generally conceals it or, at most, makes it extremely difficult to discover. Sustaining this view in principle, see *Simmons* v. *Beatty*, 57 *Ga. App.* 350 (195 S. E. 289) ; *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691 (supra) ; *Lamar* v. *Lamar, Taylor & Riley Drug Co.*, 118 *Ga.* 850, 851 (45 S. E. 671) ; *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (48 S. E. 318).

The amendment completely changed the cause of action, the petition as thus amended was fatally defective, and the court erred in overruling the demurrers thereto.

*Judgment reversed. All the Justices concur.*