## 47922. BARGE & COMPANY, INC. v. OAKWOOD STEEL COMPANY et al.
## 47923. FEDERAL INSURANCE COMPANY v. OAKWOOD STEEL COMPANY

EBERHARDT, Presiding Judge. Oakwood Steel Company brought the present action on a private or non-statutory payment bond against Barge & Company, Inc., the principal and prime contractor, and Federal Insurance Company, the surety, which was issued in connection with a contract between Barge and Ryder Truck Lines, Inc., the obligee on the bond, for the construction of terminal facilities for Ryder. The bond provided that "if the Principal [Barge] shall pay all lawful claims of sub-contractors, materialmen, or laborers for labor performed or materials furnished directly to the Principal, in the performance of said Contract, we agreeing that this bond shall be for the benefit of any sub-contractor, materialman or laborer having a just claim, then this obligation shall be void; otherwise to remain in full force and effect." Federal filed a cross claim against Barge on an indemnity agreement executed in conjunction with the bond, seeking judgment against Barge for any amount found to be due Oakwood from Federal, and for attorney's fees because of Barge's refusal to defend the action.

On the trial[1] it developed that Barge entered into a contract with Bernie V. Ward, Inc., a material supplier, under which Ward was to furnish various structures to be used in the construction. Ward, in turn, contracted with plaintiff Oakwood for the fabrication of the

---

[1]The case was here before on motion for summary judgment. *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479 (191 SE2d 298).

structures. All the items supplied by Oakwood were sold to Ward and were either picked up from Oakwood by Ward, delivered to Ward, or delivered to the construction site at Ward's direction. Ward failed to pay Oakwood in full for the materials which it ordered, occasioning this suit on the bond against Barge and Federal.

The jury returned a verdict for Oakwood on the main claim, and found for Federal on its cross claim for the amount of the judgment plus $985 as attorney's fees and expenses. Barge appeals and Federal cross appeals. *Held:*

The determinative issue in this appeal is whether Oakwood is a subcontractor or materialman having a right to sue upon the bond in question. Since this is a private, voluntary bond, the issue must be determined from the intent of the parties. 13 Couch on Insurance 2d p. 385, § 47:193. "In the absence of a contrary statutory provision, the bond of the principal contractor may be so conditioned as to cover only his indebtedness and not to include that of a sub-contractor. For example, a contractor's bond conditioned for the payment of all just debts for labor and materials 'incurred through subcontract or in any other manner' does not include materials furnished to a subcontractor, where under a further restriction in the bond the debts must be incurred 'by or on behalf of the principal.' And a bond conditioned that the principal shall pay all sums for labor and material 'for which the contractor is liable,' does not cover labor or materials furnished a subcontractor under a contract with the subcontractor alone." 13 Couch, supra, p. 420, § 47:249. In Home Indem. Co. v. Daniels Constr. Co., 285 Ala. 68 (228 S2d 824), it was held that a labor and material payment bond in favor of a subcontractor and conditioned upon the contractor's making payments to all claimants, defined as one having a "direct contract"

with the contractor, did not cover a sub-subcontractor who contracted with the subcontractor.

We have been cited no authority interpreting the precise language of the bond at issue here. However, it is our view that the language "pay all lawful claims of . . . materialmen . . . for . . . materials furnished *directly* to the Principal" (emphasis supplied), does not include materials sold to a materialman by a third person and delivered to the materialman or to the contractor-principal at the direction of the materialman. It can not be gainsaid that where one buys materials from another and gives directions as to their delivery, the materials are delivered in legal contemplation *to the buyer.* Regardless of whether the word "furnished" should be interpreted as "delivered," as Oakwood contends, the materials were not delivered "directly" to the contractor-principal by Oakwood, but were sold and delivered to Ward under the Ward-Oakwood agreement to which Barge, the contractor-principal, was not a party. Hence Oakwood is not a materialman having a claim against Barge "for materials furnished directly to the principal."

It follows that the court erred in overruling Federal's motion for directed verdict as to Oakwood's claim, and that judgment is reversed with direction to enter judgment in Federal's favor. CPA § 50 (e) (Code Ann. § 81A-150 (e)). By the same token, the judgment against Barge on the main claim must be reversed and set aside. As to the cross claim, brought by Federal pursuant to the indemnity agreement executed in its favor by Barge, the judgment against Barge in the amount of the judgment on the main claim, which has been reversed, is likewise reversed and set aside, while the judgment in the amount of $985 (attorney fees and expenses) for Barge's failure to assume the defense of the case after request is affirmed. A directed verdict in Federal's favor in a higher amount for attorney fees

and expenses is not demanded since the value of attorney's services must be fixed by the jurors, who are not bound by the testimony as to the value of such services.

*Judgments affirmed in part; reversed in part with direction. Pannell and Stolz, JJ., concur.*

ARGUED FEBRUARY 12, 1973 — DECIDED MARCH 6, 1973 — REHEARING DENIED MARCH 23, 1973 —

*Moreton Rolleston, Jr., Greer, Sartain & Carey, J. Nathan Deal,* for appellants.

*Telford, Stewart & Stephens, J. Douglas Stewart,* for appellees.