### 49476. ROBINSON EXPLOSIVES, INC. v. DALON CONTRACTING COMPANY, INC. et al.

EBERHARDT, Presiding Judge.

Plaintiff brought an action in DeKalb State Court against Dalon Contracting Company and Brown Contracting Company (Dalon and Brown), as principals, and against Federal Insurance Company, as surety, on a labor and material payment bond for materials furnished on a construction project. Plaintiff alleged in his complaint that Delta Airlines had entered into a contract with Dalon and Brown for the grading and preparation of a site for a hangar, shop and engine test cell for Delta and that Dalon and Brown entered into a subcontract with Watson-Robinson, Inc. for drilling, blasting and general excavation of the site. Plaintiff alleged it furnished materials and services to Watson-Robinson of a value of $20,451.77, for which it has not been paid in spite of demands made by it against Watson-Robinson and the defendants. By amendment to its complaint, plaintiff also alleged that the defendants were indebted to plaintiff by virtue of an assignment to plaintiff of funds due Watson-Robinson from Dalon and Brown under the subcontract.

Dalon and Brown, in their answer, demanded that the complaint be dismissed for failure to state a claim upon which relief could be granted. It later orally moved for judgment on the pleadings. Defendant Federal responded likewise.

The trial court ordered that plaintiff's complaint against Dalon and Brown be dismissed on the ground that the only claim which could lie against Dalon and Brown was based on the assignment instrument, and thus not on the bond; that the assignment was unenforceable under the Statute of Frauds (Code § 20-401(2)) because it

was a "promise to answer for the debt, default or miscarriage of another," and had not been signed by the party to be charged, Dalon and Brown. The trial court also dismissed the complaint against Federal on the ground that Federal's only liability was that of a surety on the bond, and, since the liability of a surety can be no greater than that of the principal Federal could not be liable to plaintiff.

Under the labor and material payment bond Dalon and Brown, as principal, and Federal, as surety, bound themselves jointly and severally to Delta, as obligee, "for the use and benefit of claimants as hereinbelow defined." The bond provides that "the condition of this obligation is such that, if principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the contract [between principal and obligee], then this obligation shall be void; otherwise it shall remain in full force and effect . . ." The bond defines a "claimant" as "one having a direct contract with the Principal or with a subcontractor of the principal for labor, material, or both used or reasonably required for use in the performance of the contract." The bond also provided that the principal and surety agree with the obligee "that every claimant . . . who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's . . . materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The owner [obligee] shall not be liable for the payment of any costs or expenses of any such suit." The remainder of the bond pertains to notice and other conditions not relevant to the issue presented at this stage of the litigation.

The defendants contend that even if the plaintiff can show that it is a proper claimant under the terms of the bond and has met the conditions therein, its complaint fails because it does not allege a contractual or other basis of the defendant's liability. No authority is cited for this position. *Held:*

1. Since the contracts among the parties are not in

any manner "with a public body," Code Ch. 23-17 (Code Ann. §§ 23-1701—23-1716) does not apply. And, "[s]ince this is a private, voluntary bond, the issue [whether a materialman can sue on the bond] must be determined from the intent of the parties." *Barge & Co. v. Oakwood Steel,* 128 Ga. App. 597, 598 (197 SE2d 405).

2. The language of the bond clearly indicates that the parties intended for those materialmen who supplied materials under contract with the principal (Dalon and Brown) "*or with a subcontractor of the principal*" (Watson-Robinson) to have a beneficial interest in the bond. We find no cases wherein the language of the bond distinguishes this case from *Barge & Co. v. Oakwood Steel,* 128 Ga. App. 597, supra, and from *McWhirter &c. Co. v. Georgia Paper Stock Co.,* 118 Ga. App. 582 (164 SE2d 852) and is closer to the language in the bonds found in *Union Indemnity Co. v. Riley,* 169 Ga. 229 (150 SE 216), *Fidelity & Deposit Co. of Maryland v. Pittman,* 52 Ga. App. 394 (183 SE 572) and *American Surety Co. of New York v. DeWald,* 30 Ga. App. 606 (118 SE 703). In each of the latter three cases and in *Southern Surety Co. v. Dawes,* 161 Ga. 207 (130 SE 577) the court sought to define the purpose of the bond by examining its language and all found it to be for the benefit of the materialmen.

The plaintiff has alleged that it has supplied materials for the project under a contract with "a subcontractor of the principal," in accordance with the terms of the bond. And it has alleged compliance with all conditions precedent required by the bond, which pleading is now sufficient. CPA § 8 (a) (Code Ann. § 81A-108 (a)) and CPA § 9 (c) (Code Ann. § 81A-109 (c)). *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899).

3. Plaintiff has properly brought the suit in its own name. Even though the bond declares that the obligee "may sue on the bond for the use of such claimant," Code § 3-108 as amended by Ga. L. 1949, p. 455 provides that "The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract." This provision has been applied in post-1949 bond cases, the courts holding that a "suit by a materialman in its own name against the

obligors in such a bond for materials furnished is not subject to dismissal upon the ground that it is not brought in the name of the obligee named in such bond." *Pacific Nat. Fire Ins. Co. v. Cummins Diesel of Georgia,* 213 Ga. 4, 7 (96 SE2d 881); Climatrol Industries v. Home Indemnity Co., 316 FSupp. 314 (N. D. Ga. 1970).

4. The only remaining question pertaining to plaintiff's complaint on the bond is whether he has met the notice requirements and other conditions thereunder. Plaintiff alleged having met the conditions which defendant disputes and an unresolved issue of fact remains.

5. The assignment instrument under which plaintiff also proceeds provides that ". . .Watson-Robinson, Inc. assigns certain portions of retainages and monies owed them by Dalon & Brown . . . to the parties and their respective amounts listed below . . .

"Robinson Explosives, Inc. . . . . . . . .[$] 28,500.00."

The instrument is signed by Watson-Robinson, Inc., by its officers, Mr. Watson, President, and Mr. Robinson, Vice-President, and is notarized. Dalon and Brown contend that because the instrument is a promise to stand for the debt of another, it is unenforceable under the Statute of Frauds because it is not signed by the party to be charged.

The Statute of Frauds has no application to the present instrument because it is not a promise to answer for the debt of another. Whether or not Dalon and Brown orally promised to take over Watson-Robinson's work and pay their obligations, plaintiff does not in his complaint or on appeal seek enforcement of any such promise. He is merely seeking to enforce his right as an assignee of a contract right.

As a general rule, it is not essential to the validity of an assignment of an entire fund or chose in action that notice be given to the debtor, or that the debtor's consent or acceptance of the assignment be given. 6 CJS 1124, 1156, Assignments, §§ 74a, 100. However, where the assignment conveys only a portion of the debt, as here, it is not enforceable in a court of law unless the debtor has consented thereto. *Wilson v. Etheredge,* 174 Ga. 386

(162 SE 707); *Brown v. West,* 35 Ga. App. 444 (133 SE 304). The reason for the rule is that the creditor should not be allowed to split a single claim into many claims thereby subjecting the debtor to a multiplicity of suits not anticipated in his original undertaking. *Graham v. Southern R. Co.,* 173 Ga. 573 (1) (161 SE 125, 80 ALR 407); *Rivers v. Wright,* 117 Ga. 81 (43 SE 499).

Plaintiff's complaint being in a court of law, it must appear that the debtor, Dalon and Brown, in some manner accepted the assignment. Paragraph 10 of the complaint alleges the assignment of funds due Watson-Robinson, Inc. "of which the defendants had notice." This is not an allegation that defendant Dalon and Brown accepted the assignment; only that they were notified of it.

Mere notice does not satisfy the purpose behind the rule: that the debtor have some control over whether or not he will allow a partial assignment. This consensual right of the debtor was demonstrated in *Shearer v. Shearer,* 137 Ga. 51 (72 SE 428), and in *Southern R. Co. v. Pitner & Raines,* 17 Ga. App. 451 (87 SE 754), where partial assignments were found insufficient to authorize recovery by the assignee because the debtor had not accepted the assignments even though it had received notice thereof. See also Gilman v. Raymond, 235 Mass. 284 (127 NE 794). Contra, *Graham v. Southern R. Co.,* 173 Ga. 573, supra (an equity case).

A motion for judgment on the pleadings is properly granted if the moving party is clearly entitled to judgment. *General Motors Acceptance Corp. v. Jackson,* 119 Ga. App. 221 (166 SE2d 739).

*Judgment reversed as to suit on bond; affirmed as to suit on assignment. Deen and Stolz, JJ., concur.*

ARGUED SEPTEMBER 6, 1974 — DECIDED OCTOBER 9, 1974.

*Warren A. Rosser,* for appellant.
*Rich, Bass, Kidd & Broome, Casper Rich, William F. C. Skinner, Jr.,* for appellees.