56135. TRAVELERS INDEMNITY COMPANY et al. v. CLEVELAND ELECTRIC COMPANY.

MCMURRAY, Judge.

This case involves building materials which were used in the construction of the Clinical Science Building at the Medical University of South Carolina, Charleston, South Carolina. Ranger Construction Company (now known as Ballenger Corporation) was the general contractor. A labor and material payment bond was required, and it was obtained from the Travelers Indemnity Company, Hartford, Connecticut, as surety holding itself firmly bound unto the Board of Trustees, Medical University of South Carolina, Charleston, South Carolina, for the payment of all labor and materials used

or reasonably required for use in the performance of the contract. The principal (now Ballenger) and the surety jointly and severally agreed to pay every claimant who has not been paid for materials furnished. A claimant under the bond is defined as one having a direct contract with the principal or with a subcontractor of the principal for labor, material or both, "used or reasonably required for use in the performance of the Contract."

McClure Associates, Inc. was a subcontractor hired by Ballenger to perform the electrical work required in the construction of the project. However, McClure ceased purchasing the supplies, although it performed the incorporation of the electrical materials into the project, and merely assisted Ballenger in locating sources of supply. Ballenger ordered certain electrical supplies from Southern Electric Supply Company, a wholesale electrical supplier. Whereupon, Southern ordered part of the electrical supplies from Cleveland Electric Company, another electrical wholesale supplier. Cleveland in turn ordered some of the electrical supplies from General Electric Company which shipped direct to the project. Ballenger paid Southern for the electrical supplies, but Southern failed to pay Cleveland for supplies in the amount of $6,397.81. Cleveland has obtained a judgment against Southern for this amount.

Cleveland Electric Company sued the Travelers Indemnity Company and Ballenger as principal and surety on the labor and material payment bond seeking judgment in the amount of $6,617.26, plus 25% of the liability of Travelers and all reasonable "attorney's fees"for the prosecution of this action against Travelers.

The case proceeded to trial before the court without a jury. After trial and based upon certain stipulations of fact the trial court made certain findings of fact, including the fact that the electrical materials were ordered by Ballenger from Southern by and through certain former officials of McClure Associates, Inc. who were acting as agents of Ballenger. These electrical supplies were shipped directly to the project upon the order of Cleveland Electric Company. The court then found as a matter of fact that Cleveland carried the burden of proof by a preponderance of evidence that the electrical supplies and

materials at issue herein were delivered to and incorporated into the project and same were required under the plans and specifications that by reference became a part of the bond. The court also found as a matter of fact that a subcontractor as defined by South Carolina law (which applied to the controversy by reason of Article 7-1 of the general conditions of the contract for construction) to be one to whom the principal contractor has for a consideration let the right to do a part of the work which it had contracted, citing Miller v. Cornell-Young Co., 171 S. C. 228 (171 SE 790). The court concluded this "includes the materials and essential ingredients that go into a project that are required and necessary for its completion." The trial court then held that Southern Electric Supply was a subcontractor within the terms of the South Carolina law, the payment bond and the contract documents; hence the plaintiff is a claimant as defined under the bond. The conclusions of law were that the plaintiff is a claimant having delivered goods for a subcontractor, that it complied with the notice requirement of the bond and it is entitled to judgment jointly and severally against the defendants in the amount of $6,371.26 principal and interest. Whereupon the trial court awarded judgment for that amount plus interest. The defendants appeal. *Held:*

1. The trial court did not err in declaring Southern Electric Supply was a subcontractor in furnishing electrical materials used in the Clinical Science Building, Charleston, South Carolina. Therefore, plaintiff was a claimant under the definition contained in the bond, "having a direct contract . . . with a subcontractor. . . for. . . material, . . . used or reasonably required for use in the performance of the Contract. . ." Southern Electric Supply arranged with the plaintiff to furnish the materials to the project. Southern Electric Supply was the wholesaler from whom the general contractor ordered the materials, hence there was privity of contract between the general contractor and Southern Electric Supply, a subcontractor. No privity of contract was required between the general contractor and the plaintiff as it meets the definition of "claimant." The finding of fact authorized a judgment for the value of the material furnished jointly and severally

against the defendants, principal and surety. See *Robinson Explosives, Inc. v. Dalon Contracting Co.,* 132 Ga. App. 849, 851 (2) (209 SE2d 264) and cits. See also *Pacific Nat. Fire Ins. Co. v. Cummins Diesel of Ga., Inc.,* 213 Ga. 4 (96 SE2d 881); *Carruth v. Aetna Life Ins. Co.,* 157 Ga. 608 (122 SE 226).

2. Invoices dated 10-14-75, 9-25-75, 11-10-75 and 11-24-75 were offered in evidence showing specific directions to ship the electrical materials to "McClure & Associates" in the care of Ranger at the Clinical Science Building, Charleston, South Carolina, and the business records showed same had been shipped (last shipment on "November 10th, 1975") directly to this project. A witness testified that as an employee of McClure this material was received and installed at the project. The plaintiff notified defendants that it had not been paid by certified letter dated January 19, 1976, shown to have been received January 20, 1976. See in this connection *Fireman's Fund Ins. Co. v. Fischer & Porter Co.,* 143 Ga. App. 533, 535 (239 SE2d 174). The evidence authorized the findings of fact and conclusions of law by the trial court.

3. As ruled above, it is immaterial whether Miller v. Cornell-Young Co., 171 S. C. 228, supra, is controlling in this case, as Southern Electric Supply was a subcontractor, and plaintiff was a claimant entitled to sue under the bond.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JULY 10, 1978 — DECIDED SEPTEMBER 21, 1978 — REHEARING DENIED OCTOBER 23, 1978 —

*Morris, O'Brien, Manning & Brown, Joseph R. Manning, David W. Porter,* for appellants.

*Stokes & Shapiro, J. Ben Shapiro, Jr., David R. Hendrick,* for appellee.