## A04A0070. RATHBONE v. WARD.
(603 SE2d 20)

RUFFIN, Presiding Judge.

Gary Ward filed a complaint to renew a dormant judgment against John J. Rathbone. The trial court granted Ward's motion for summary judgment, finding that Ward was the assignee of the

judgment sought to be renewed and that Ward was entitled to renew his interest in the judgment. Rathbone appeals, asserting, among other things, that as a co-guarantor Ward was not entitled to proceed as an assignee. For reasons that follow, we reverse.

Summary judgment is appropriate where the evidence of record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] On appeal, we review a trial court's grant of summary judgment, construing the evidence and all inferences favorably to the nonmovant.[2] Viewed in this manner, the record shows that Ward filed a complaint to renew a judgment obtained by Lease Planning, Inc. against Rathbone in the amount of $131,124.26, plus interest and costs. In support of his motion for summary judgment, Ward stated in his affidavit that he and Rathbone were defendants in a lawsuit filed by Lease Planning, that First Union Bank of Griffin (First Union) had received the rights to all of Lease Planning's interest in the judgment, and that Ward had paid First Union $32,701.96 for the assignment of its interest in the judgment. Although his complaint prays for the full value of the judgment, Ward's motion for summary judgment only sought an award of $32,701.96, the amount he paid for the assignment.

The trial court found that it was undisputed that Ward was the holder of the judgment sought to be renewed, "to the extent of $32,701.96." The court also found as a matter of law that Ward was the real party in interest and was entitled to renew his interest in the judgment. On appeal, Rathbone asserts that the trial court erred in granting summary judgment to Ward.

1. As a threshold matter, we must address Rathbone's disregard of this court's rules as they pertain to his brief. Court of Appeals Rule 27 (c) (1) provides that the sequence of arguments in the briefs must follow the order of the enumeration of errors and be numbered accordingly. Here, Rathbone lists ten alleged errors, numbered one through ten, which bear little resemblance to his argument section, labeled A through H.

"This Court does not look with favor upon one who fails to follow the rules of this Court. In fact, the failure to comply with this Court's rules may subject the offending party to contempt and may subject the appeal to dismissal or cause the appellant's brief to be stricken."[3] In this case, however, we nonetheless endeavor to discern and address the enumerations of error that are supported by argument. And

---

[1] OCGA § 9-11-56 (c).

[2] See *Moore v. ECI Mgmt.*, 246 Ga. App. 601 (542 SE2d 115) (2000).

[3] *Slaton v. Village Oaks Condos.*, 259 Ga. App. 186, 187 (576 SE2d 587) (2003).

we find that one of these enumerations has merit.

2. First, Rathbone argues that given Ward's position as a co-guarantor, the trial court erred in ruling that Ward could proceed against Rathbone as an assignee. Citing *Todd v. Windsor*,[4] Rathbone argues that Ward, as a co-guarantor, should not be allowed to enforce, by revival or any other means, the full amount of the debt or what he paid for his partial interest. We disagree.

OCGA § 9-12-21 provides

> [a] person in whose favor a judgment has been entered or a person to whom a judgment has been transferred may bona fide and for a valuable consideration transfer any judgment to a third person. In all such cases the transferee of any judgment shall have the same rights and shall be subject to the same equities and to the same defenses as was the original holder of the judgment.

The record shows that First Union assigned the judgment, to the extent of $32,701.96, to Ward, and Rathbone does not dispute that this sum constituted valuable consideration.

Moreover, *Todd* and the other cases relied upon by Rathbone involve co-sureties, not assignees. Ward is not proceeding as a surety seeking contribution; rather, he is proceeding as an assignee seeking enforcement of a dormant judgment in the amount he paid for the judgment, and we are aware of no authority that prohibits a co-guarantor from proceeding under OCGA § 9-12-21.[5] And as Rathbone conceded below:

> It is . . . well established that when one co-guarantor buys a judgment, that guarantor can control the judgment only for the purpose of being reimbursed for what was paid for the judgment. In this case, [Ward] admits that his only cost for obtaining the judgment against [Rathbone] was the sum of $32,701.96.

The Supreme Court held in *Stanford v. Connery*[6] that when a judgment is purchased at a discount, the only claim available is based on recovery of the amount paid in purchase of the judgment. Accordingly, we find that the trial court did not err in allowing Ward to

---

[4] 118 Ga. App. 805 (165 SE2d 438) (1968).

[5] Likewise, we are aware of nothing that would prevent Rathbone from seeking contribution from Ward as a co-guarantor. The mere fact that Ward has become a transferee of the judgment does not obviate his obligations as a co-guarantor.

[6] 84 Ga. 731 (11 SE 507) (1890).

proceed as an assignee for the amount he paid for the judgment.[7]

3. Rathbone also argues that the trial court erred in granting summary judgment to Ward because OCGA § 9-12-21 "contemplates . . . the transfer of the entire judgment," that First Union transferred only a partial interest to Ward, and that a partial transfer requires the consent of Rathbone, which was never given. We agree.

First Union conveyed to Ward an interest, "to the extent of $32,701.96," which on its face appears to be a partial assignment, and Ward admits in his brief that he paid valuable consideration for a "partial assignment." We find the assignment of a partial judgment under OCGA § 9-12-21 analogous to the assignment of a portion of a debt. Under Georgia law, where an assignment conveys only a portion of a debt, it is not enforceable unless the debtor has consented thereto.[8] The reason for this rule is that a "creditor should not be allowed to split a single claim into many claims thereby subjecting the debtor to a multiplicity of suits."[9] And just as a creditor should not be allowed to split a single claim into many claims, neither should a judgment holder be allowed to split a judgment and subject a defendant to a multiplicity of suits, without the consent of the defendant. Ward has pointed to no evidence that Rathbone consented to the partial assignment. Accordingly, Ward has not shown as a matter of law that he is entitled to revive his interest in the dormant judgment, and the trial court erred in granting summary judgment to Ward.

*Judgment reversed. Eldridge and Adams, JJ., concur.*

DECIDED JULY 1, 2004 —
RECONSIDERATION DENIED JULY 30, 2004 — 

*Hollberg & Weaver, William B. Hollberg*, for appellant.
*Deming, Parker, Hoffman, Green & Campbell, James T. Freaney*, for appellee.

---

[7] See id. at 743-745.

[8] *Robinson Explosives v. Dalon Contracting Co.*, 132 Ga. App. 849, 852 (5) (209 SE2d 264) (1974). See also *Richard's Paint Mfg. Co. v. Onyx Paints*, 394 S2d 1064, 1065 (Fla. App. 1981) (the underlying reason supporting the prohibition of partial assignments of a debt without the debtor's consent is likewise applicable to the transfer of portions of a judgment).

[9] *Robinson Explosives*, supra at 853 (5).